[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-13756
Non-Argument Calendar

_____

D.C. Docket No. 3:17-cr-00070-MCR-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

TERRELL JEROME COCHRAN,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(April 22, 2021)

Before JORDAN, GRANT, and LUCK, Circuit Judges.

PER CURIAM:

Terrell Jerome Cochran, a federal prisoner, appeals the district court's denial of his motion for a reduced sentence under 18 U.S.C. § 3582(c)(1)(A), as amended by Section 603(b) of the First Step Act of 2018.[1] On appeal, Cochran argues that the district court abused its discretion when it found that he did not qualify for compassionate release based on COVID-19 and his alleged medical conditions. We affirm.

I.

In October 2017, Cochran pleaded guilty to possession with intent to distribute 50 grams or more of methamphetamine and possession of a firearm and ammunition by a convicted felon. According to the probation officer's presentence investigation report, Cochran reported being in "excellent health" at the time, with no history of health problems, and stated that he was not under the care of a physician for any medical issues at the time of his arrest. The district court sentenced Cochran to 120 months' imprisonment (the statutory minimum) and 8 years' supervised release.

In June 2020, Cochran filed a motion for a sentence reduction under the "compassionate release" statute, 18 U.S.C. § 3582(c)(1)(A). He alleged that he had already contracted COVID-19 and suffered from chest pains, unspecified "respiratory issues," and fear of undiagnosed medical conditions. Cochran further

---

[1] Pub. L. No. 115-391, 132 Stat. 5194, 5239 (Dec. 21, 2018).

2

alleged that the Bureau of Prisons had implemented inadequate measures to prevent the spread of COVID-19, and that the facility where he was housed was particularly ill-suited to controlling the spread of the virus because the inmates were housed in dormitories with no ability to maintain social distancing, no hand sanitizer, and shared bathrooms, telephones, and computers. Cochran argued that his medical conditions and contracting COVID-19 would "substantially diminish" his ability to provide self-care within the facility and, together with the inevitable spread of the virus within the BOP's facilities, constituted "extraordinary and compelling reasons" warranting his early release. He asked that the district court reduce his sentence of imprisonment to time served and volunteered that he would agree to an extended term of supervised release with home confinement as a special condition.

The district court denied Cochran's request for compassionate release. The court found that Cochran had not met his burden of showing that early release was warranted because his claim that he had "respiratory issues" was too vague to qualify as a serious medical condition, and he had not otherwise shown an "extraordinary and compelling reason" that justified a sentence reduction under § 3582(c)(1)(A)(i) and the relevant policy statement, U.S.S.G. § 1B1.13. Cochran now appeals.

## II.

We review a district court's decision whether to reduce a sentence under § 3582(c)(1)(A) for an abuse of discretion. *United States v. Harris*, 989 F.3d 908, 911 (11th Cir. March 2, 2021). A district court abuses its discretion if it applies the wrong legal standard, follows improper procedures in making its decision, or makes clearly erroneous factual findings. *Id.* The abuse-of-discretion standard of review "recognizes the range of possible conclusions the trial judge may reach." *United States v. Frazier*, 387 F.3d 1244, 1259 (11th Cir. 2004) (en banc). We will affirm, therefore, unless we conclude that the district court made a clear error of judgment or applied the wrong legal standard. *Id.*

## III.

In general, district courts "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). As amended by the First Step Act, § 3582(c)(1)(A)(i) sets out an exception to the general rule, providing that a court may entertain a motion for a sentence reduction filed by a defendant and may reduce the defendant's term of imprisonment if, after considering the applicable § 3553(a) sentencing factors, it finds that a reduction is warranted by "extraordinary and compelling reasons" and "is consistent with applicable policy statements issued by the Sentencing Commission."

The relevant Sentencing Guidelines policy statement provides that "extraordinary and compelling reasons" exist due to the medical condition of the defendant if he is terminally ill or suffering from a mental or physical condition "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13, comment. (n.1(A)). The policy statement commentary also contains a catch-all provision for "other reasons," which provides that a prisoner may be eligible for a sentence reduction if, as "determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with," the other specific examples listed. *Id.*, comment. (n.1(D)).

This Court has not yet issued a published opinion addressing whether, after the First Step Act, district courts may grant a prisoner's motion for compassionate release based on the catch-all provision of § 1B1.13 when the Director of the BOP has not determined that "extraordinary and compelling reasons" warrant the prisoner's early release, and if so, whether the health risks posed to an inmate by COVID-19 can justify release under that provision. We need not decide those questions today, however, because we conclude that even if the district court were authorized to grant release upon a showing of "extraordinary and compelling

reasons" related to COVID-19, it did not abuse its discretion in finding that Cochran had not shown such reasons here.

Cochran's claims that he suffers from chest pains and "respiratory issues" are too vague to support a finding that he is at increased risk from COVID-19. He did not state that he had been diagnosed with any specific medical condition, and he submitted no medical evidence to support his claim that his alleged health conditions substantially diminished his ability to provide self-care within the prison. Cochran's vague claims that he is vulnerable to COVID-19 because of unspecified health conditions do not satisfy his burden of showing that "extraordinary and compelling reasons" warrant his early release from prison under § 3582(c)(1)(A)(i). We therefore affirm the district court's denial of Cochran's motion for compassionate release.

**AFFIRMED.**