[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-13026
Non-Argument Calendar

_____

D.C. Docket No. 9:12-cr-80182-DPG-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CAREY LUNSFORD,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(April 30, 2021)

Before MARTIN, JORDAN and BRANCH, Circuit Judges.

PER CURIAM:

Carey Lunsford, through counsel, appeals the district court's denial of his motion for compassionate release under the First Step Act and 18 U.S.C. § 3582(c)(1)(A). He argues on appeal that the district court abused its discretion in denying his motion by failing to properly consider the 18 U.S.C. § 3553(a) factors and erroneously determining that he was a danger to the community.

Mr. Lunsford is currently serving a 188-month sentence for armed bank robbery in violation of 18 U.S.C. §§ 2113(a) and (d). He pled guilty to this charge in November 2012. For sentencing purposes, he was classified as a career offender based on his long-running criminal history, which began in the 1970s and included prior federal and state robbery convictions, attempted robbery convictions, and a conviction for receiving stolen property.

Mr. Lunsford is currently incarcerated at FCI Danbury and is scheduled for release on June 27, 2025. It is undisputed that he suffers from several serious medical conditions, including bladder cancer (he is currently in remission), Type 2 diabetes, hypertension, and obesity. The government conceded below that Mr. Lunsford's Type 2 diabetes constitutes "an extraordinary and compelling reason allowing compassionate release" in light of the COVID-19 pandemic. Nevertheless, the government opposed Mr. Lunsford's motion on the basis that he remained a danger to the community if released. The government also asserted that the § 3553 sentencing factors strongly disfavored a sentence reduction.

2

The district court ultimately agreed with the government. Although it found that Mr. Lunsford's medical conditions were extraordinary and compelling, it issued an order denying his motion for compassionate release as a matter of discretion.

We review for abuse of discretion the denial of an eligible movant's request for a reduced sentence under the First Step Act and § 3582(c)(1)(A). *See United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021). A district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making the determination, or makes findings of fact that are clearly erroneous. *See id.*; *United States v. Khan*, 794 F.3d 1288, 1293 (11th Cir. 2015). A factual finding is not clearly erroneous if it represents a choice between two permissible views of the evidence. *See United States v. Ndiaye*, 434 F.3d 1270, 1305 (11th Cir. 2006).

In 2018, Congress enacted the First Step Act, which, in part, amended 18 U.S.C. § 3582(c)(1)(A) to increase the use and transparency of compassionate release of federal prisoners. *See* First Step Act of 2018 § 603, Pub. L. No. 115-391, 132 Stat. 5194. In the context of compassionate release, the Act provides that "the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant . . . may reduce the term of imprisonment . . . if it finds that extraordinary and compelling reasons warrant such a reduction[.]" 18 U.S.C. § 3582(c)(1)(A)(i). The weight given to each of the § 3553(a) factors for sentencing is generally left to

3

the district court's discretion. *See United States v. Kuhlman*, 711 F.3d 1321, 1327 (11th Cir. 2013).

Here, the district court did not abuse its discretion in denying Mr. Lunsford's motion for compassionate release because the record demonstrates that the court thoroughly considered several § 3553(a) factors. The court found that Mr. Lunsford would pose a danger if he were released early given his criminal history. The court also noted that he had served only seven and a half years of his fifteen-year term. The court's determination that the § 3553(a) factors did not support granting Mr. Lunsford's motion and that he posed a danger to the community were supported by the nature and circumstances of his instant offense and his extensive criminal history, which is described in detail in the district court's order.

We therefore find that the district court did not abuse its discretion in denying Mr. Lunsford's motion for compassionate release. *See Harris*, 989 F.3d at 911. Accordingly, we affirm.

**AFFIRMED.**