[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-13778
Non-Argument Calendar

_____

D.C. Docket No. 2:98-cr-14030-JAL-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PEDRO FIDALGO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(May 4, 2021)

Before MARTIN, LAGOA, and BRASHER, Circuit Judges.

PER CURIAM:

Pedro Fidalgo, a federal prisoner, appeals the district court's denial of his motion for reconsideration of its denial of his motion for a reduced sentence and compassionate release under 18 U.S.C. § 3582(c)(1)(A), as amended by § 603(b) of the First Step Act of 2018.  Pub. L. No. 115-391, 132 Stat. 5194, 5239 (2018) ("First Step Act").  After careful consideration, we affirm.

**I**

A district court "may not modify a term of imprisonment once it has been imposed" except under certain circumstances.  18 U.S.C. § 3582(c).  One such exception is for "compassionate release."  See United States v. Harris, 989 F.3d 908, 909–10 (11th Cir. 2021) (citing § 3582(c)(1)(A)).  As amended by the First Step Act, which sought to increase the use and transparency of compassionate release of federal prisoners, § 3582(c)(1)(A) provides as follows:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant . . . may reduce the term of imprisonment . . . after considering the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction.

18 U.S.C. § 3582(c)(1)(A)(i); see also First Step Act § 603(b).

Section 3553(a) requires a district court to impose a sentence that is "sufficient, but not greater than necessary" to comply with the purposes listed under § 3553(a)(2), including the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment, deter criminal conduct, and

protect the public.  18 U.S.C. § 3553(a)(2).  Other § 3553(a) factors include the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the Sentencing Guidelines, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims.  Id. § 3553(a)(1), (3)–(7).  "[T]he weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court, and we will not substitute our judgment in weighing the relevant factors."  United States v. Kuhlman, 711 F.3d 1321, 1327 (11th Cir. 2013) (quotation marks omitted).

In 1998, Fidalgo was convicted after a jury trial of two counts related to the distribution of cocaine.  Due to his prior convictions of manslaughter with a firearm and two cocaine trafficking convictions, the district court found that Fidalgo's criminal history warranted a career offender sentencing enhancement. The district court sentenced Fidalgo to life in prison.

Fidalgo filed his most recent § 3582(c)(1)(A) motion for compassionate release in May 2020.  Fidalgo argued that his age, then 71, and medical conditions, including coronary artery disease and type-2 diabetes, qualified him for relief in light of COVID-19.  The district court denied the motion.  The court decided, among other things, not to exercise its discretion to grant compassionate release following consideration of the § 3553(a) factors.  The district court also denied

3

Fidalgo's motion for reconsideration, again reiterating that the § 3553(a) factors did not support a sentence reduction.

Fidalgo timely appealed.

**II**

We review a district court's denial of a prisoner's § 3582(c)(1)(A) motion for abuse of discretion. Harris, 989 F.3d at 911. The district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making the determination, or makes clearly erroneous factual findings. United States v. Barrington, 648 F.3d 1178, 1194 (11th Cir. 2011). A district court also abuses its discretion when it commits a clear error of judgment. United States v. Brown, 415 F.3d 1257, 1266 (11th Cir. 2005). We cannot reverse just because we might have come to a different conclusion had it been our call to make. United States v. Frazier, 387 F.3d 1244, 1259 (11th Cir. 2004) (en banc).

We need not address Fidalgo's arguments about administrative exhaustion and eligibility for compassionate release, because the district court made clear that it would exercise its discretion to deny Fidalgo's request based on its review of the § 3553(a) factors. A sentence may be affirmed so long as the record indicates that the district court considered a number of the factors. See United States v. Dorman, 488 F.3d 936, 944 (11th Cir. 2007) (affirming appellant's sentence because even though the district court did not discuss each of the sentencing factors, the record

4

showed that it considered several of them).  Where district courts consider the § 3553(a) factors, it is not necessary for the court to state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each factor. Kuhlman, 711 F.3d at 1326.  Instead, an acknowledgement by the district court that it considered the § 3553(a) factors is sufficient.  United States v. Turner, 474 F.3d 1265, 1281 (11th Cir. 2007).  The weight given to any of the § 3553(a) factors is committed to the sound discretion of the district court.  United States v. Croteau, 819 F.3d 1293, 1309 (11th Cir. 2016).

Here, the district court did not abuse its discretion in denying Fidalgo's motion for compassionate release based on the § 3553(a) factors.  The court explicitly acknowledged that it considered the factors in finding that Fidalgo posed a danger to the community based on the nature and circumstances of his offenses and his criminal history.  Specifically, the court observed that Fidalgo had a lengthy criminal history, including a conviction for manslaughter with a firearm. The court also noted Fidalgo's subsequent convictions following his term of imprisonment for the manslaughter charge, which it determined counseled against a reduction.  Nor was it necessary for the district court to explicitly discuss the other factors.  Kuhlman, 711 F.3d at 1326.  Based on this record, we cannot say the district court made a clear error of judgment in weighing the § 3553(a) factors.

To the extent Fidalgo challenges the district court's denial of his motion for reconsideration, we similarly find no abuse of discretion. See United States v. Simms, 385 F.3d 1347, 1356 (11th Cir. 2004) (reviewing denial of motion for reconsideration for an abuse of discretion). In moving for reconsideration, Fidalgo provided the application for a reduction in sentence he submitted to the Bureau of Prisons and reiterated his arguments seeking compassionate release. However, Fidalgo failed to present the type of newly discovered evidence or manifest error of law or fact that warrants reconsideration. See Arthur v. King, 500 F.3d 1335, 1343–44 (11th Cir. 2007) (per curiam) (affirming denial of motion for reconsideration where defendant did not present newly discovered evidence); Jacobs v. Tempur-Pedic Int'l, Inc., 626 F.3d 1327, 1344 (11th Cir. 2010) (affirming denial of motion for reconsideration that "did nothing but ask the district court to reexamine an unfavorable ruling").

**AFFIRMED.**