[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 20-12597
Non-Argument Calendar
_____

D.C. Docket No. 8:16-cr-00275-VMC-JSS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DEVIN AHESIA-JAY PEMBERTON,
a.k.a. Marco,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(May 14, 2021)

Before MARTIN, BRANCH, and GRANT, Circuit Judges.

PER CURIAM:

Devin Pemberton, a federal prisoner proceeding pro se, appeals the district court's denial of his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A), as amended by § 603(b) of the First Step Act of 2018, Pub. L. 115-391, 132 Stat. 5194.  We find no reversible error and therefore affirm.

I.

In 2016, a federal grand jury charged Pemberton with two counts of sex trafficking of a minor.  Pursuant to a written agreement, Pemberton pleaded guilty to the first count, and the second count was dismissed.

According to the stipulated statement of facts attached to his plea agreement, Pemberton, posing as "Marco," used the internet to recruit two 17-year-old girls to engage in prostitution.  Pemberton took photos of the girls and posted them in online advertisements and arranged for the girls to engage in sex acts with men who responded to the advertisements, either in a hotel room that Pemberton rented or at Pemberton's mother's house.  Pemberton gave the girls condoms and told them what to charge for the sex acts, and they gave him the money that the "johns" paid them.  A law enforcement investigation into an advertisement featuring one of the girls revealed that Pemberton owned two e-mail addresses that were routinely used to recruit females to work as prostitutes and advertise their services.

 In addition, a third victim told law enforcement officers that she had worked for Pemberton as a prostitute off and on since she was 15 or 16 years old, and that

2

Pemberton knew her real age.  Initially, Pemberton gave her food, shelter, marijuana, and alcohol in return for the money she received from prostitution; later, he agreed to give her a portion of the proceeds.

Based on his criminal history and the fact that Pemberton committed the present offense while serving probation on his prostitution-related state convictions, Pemberton's Sentencing Guidelines sentencing range was 262 to 327 months.  His statutory sentencing range was ten years to life in prison.  The district court imposed a sentence of 262 months' imprisonment, followed by a life term of supervised release.

In June 2020, Pemberton filed a pro se motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i), as modified by § 603 of the First Step Act.  He argued that extraordinary and compelling circumstances existed warranting his early release, given the COVID-19 pandemic and the overcrowding, unsanitary conditions, and substandard medical care in prison.  He asserted that he had several long-term, preexisting conditions that made him vulnerable to COVID-19, including hypertension, obesity, pre-diabetic gastrointestinal problems, exposure to the germ causing tuberculosis, sciatica, childhood pneumonia, childhood asthma, severe obstructive sleep apnea, and unspecified "respiratory problems."

The district court denied Pemberton's § 3582(c)(1)(A) motion, finding that an extraordinary and compelling reason warranting compassionate release did not

3

exist and, even if there were such a reason, it would not grant the motion because the nature and circumstances of Pemberton's crime indicated that he would still pose a danger to the public if released. The district court also found that releasing Pemberton only 3 years into his 21-year sentence would not serve the purposes of the 18 U.S.C. § 3553(a) sentencing factors, given the seriousness of his offense, the need for rehabilitation, and the need to deter future misconduct. Pemberton now appeals.

## II.

We review the district court's denial of a prisoner's 18 U.S.C. § 3582(c)(1)(A) motion for compassionate release for abuse of discretion. *United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021). "A district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making the determination, or makes findings of fact that are clearly erroneous." *United States v. Khan*, 794 F.3d 1288, 1293 (11th Cir. 2015).

It is well established that a district court has no inherent authority to modify a defendant's sentence and may do so "only when authorized by a statute or rule." *United States v. Puentes*, 803 F.3d 597, 605–06 (11th Cir. 2015). As amended by the First Step Act, § 3582(c)(1)(A)(i) provides that a court may entertain a motion for a sentence reduction filed by a prisoner who has satisfied certain procedural requirements, and "may reduce the term of imprisonment" if, after considering the

4

applicable § 3553(a) sentencing factors, it finds that a reduction is warranted by "extraordinary and compelling reasons" and "is consistent with applicable policy statements issued by the Sentencing Commission."

The relevant Sentencing Guidelines policy statement provides that a district court may reduce a previously imposed term of imprisonment if, after considering the § 3553(a) factors, the court determines that "extraordinary and compelling reasons" warrant the reduction and the prisoner "is not a danger to any other person or to the community, as provided in 18 U.S.C. § 3142(g). U.S.S.G. § 1B1.13. The commentary to § 1B1.13 states that a prisoner's medical condition may constitute an extraordinary and compelling reason warranting early release if he has a terminal disease or is suffering from a physical or mental condition that diminishes his ability to provide self-care in prison and from which he is not expected to recover. U.S.S.G. § 1B1.13, comment. (n.1(A)). The policy statement commentary also contains a catch-all provision, which provides that a prisoner may be eligible for a sentence reduction if, as "determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with," the other specific examples listed. *Id.*, comment. (n.1(D)).

We have not yet decided in a published opinion whether the risk associated with COVID-19 can constitute an extraordinary and compelling reason for

compassionate release, alone or in combination with a prisoner's preexisting medical conditions. We need not decide those questions today, however, because we conclude that even if Pemberton met those criteria for relief, the district court did not abuse its discretion in finding that (1) he would pose a danger to the community if released, and (2) the § 3553(a) sentencing factors weighed against his immediate release.

Section 3142(g) lists several factors to consider in determining whether a defendant is a danger to any other person and the community, including: (1) the nature and circumstances of the offense charged, including whether the offense involved a minor victim; (2) the weight of the evidence against the defendant; (3) the defendant's history and characteristics, including his criminal history and whether, at the time of the current offense or arrest, the defendant was on probation, parole, or other release pending trial, sentencing, appeal, or completion of sentence for an offense; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g)(1)–(4). Several of these factors support the district court's finding that Pemberton would pose a danger to the community, including the nature and circumstances of Pemberton's offense, which involved a minor victim; the weight of the evidence against him, which included his admission to the charged conduct and similar relevant conduct; and Pemberton's history of state

6

convictions for various drug crimes, deriving support from the proceeds of prostitution, and transporting for prostitution, among others, and the fact that he was on probation for the prostitution-related crimes when he committed the instant offense.

In addition, many of the same considerations support the district court's determination that the sentencing factors in 18 U.S.C. § 3553(a) weighed against Pemberton's immediate release. Under § 3553(a), a district court's sentence must be sufficient, but not greater than necessary, to achieve the goals of sentencing, which are: reflecting the seriousness of the offense, promoting respect for the law, providing just punishment, deterring future criminal conduct, protecting the public, and providing the defendant with any needed training or treatment. 18 U.S.C. § 3553(a). Section 3553(a) also requires district courts to consider the nature and circumstances of the offense, the defendant's history and characteristics, the kinds of sentences available, the Sentencing Guidelines, any pertinent policy statement, the need to avoid disparate sentences for defendants with similar records, and the need to provide restitution to any victims. *Id.*

As we have already mentioned, Pemberton's offense was a serious one involving sex trafficking of a minor, and Pemberton admitted to being a repeat offender. The district court's original sentence was at the bottom end of Pemberton's Guidelines range, and releasing Pemberton after he served just a few

years of a sentence of more than 21 years would not serve the statutory sentencing goals of promoting respect for the law, providing just punishment, deterring future criminal conduct, or protecting the public.

The record supports the district court's finding that Pemberton would pose a danger to the community if he were released now, as well as its determination that the § 3553(a) factors weigh against Pemberton's release after serving only a small fraction of his 262-month sentence.  Accordingly, the district court did not abuse its discretion in denying Pemberton's motion for immediate release pursuant to § 3582(c)(1)(A), and we affirm.

**AFFIRMED.**