[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-12032
Non-Argument Calendar

_____

D.C. Docket No. 3:12-cr-00028-RV-CJK-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSEPH RICHARD ROBSON, SR.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(June 7, 2021)

Before JORDAN, NEWSOM, and BLACK, Circuit Judges.

PER CURIAM:

Joseph Robson, a federal prisoner, appeals the district court's denial of his motion for a reduced sentence under 18 U.S.C. § 3582(c)(1)(A), as amended by Section 603(b) of the First Step Act of 2018.[1]  After review,[2] we affirm.

It is well established that a district court has no inherent authority to modify a defendant's sentence and may do so "only when authorized by a statute or rule." *United States v. Puentes*, 803 F.3d 597, 605-06 (11th Cir. 2015).  Prior to the First Step Act, 18 U.S.C. § 3582(c)(1)(A) allowed the district court to reduce a prisoner's term of imprisonment upon motion of the Director of the Bureau of Prisons (BOP), after considering the factors set forth in section 3553(a), if it found that extraordinary and compelling reasons warranted such a reduction. 18 U.S.C. § 3582(c)(1)(A) (effective November 2, 2002, to December 20, 2018).  The First Step Act amended 18 U.S.C. § 3582(c)(1)(A) to allow the court to reduce a defendant's term of imprisonment also upon motion of the defendant, "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."  *See* First Step Act § 603; 18 U.S.C. § 3582(c)(1)(A).  The court must find

---

[1] Pub. L. No. 115-391, 132 Stat. 5194, 5239 (Dec. 21, 2018) (First Step Act).

[2] We review a district court's denial of a prisoner's § 3582(c)(1)(A) motion for abuse of discretion.  *United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021).

2

that extraordinary and compelling reasons warrant such a reduction, consider the §

3553(a) factors, and find that a reduction is consistent with applicable policy

statements issued by the Sentencing Commission. *Id.*; *United States v. Bryant*, __

F.3d __, 2021 WL 1827158 at *8 (11th Cir. May 7, 2021) (explaining the policy

statements applicable to § 3582(c)(1)(A) are found in U.S.S.G. § 1B1.13).

Under § 3553(a), a district court's sentence must be sufficient, but not

greater than necessary, to achieve the goals of sentencing, which are: reflecting the

seriousness of the offense, promoting respect for the law, providing just

punishment, deterring future criminal conduct, protecting the public, and providing

the defendant with any needed training or treatment.  18 U.S.C. § 3553(a).  Section

3553(a) also requires district courts to consider the nature and circumstances of the

offense, the defendant's history and characteristics, the kinds of sentences

available, the Sentencing Guidelines, any pertinent policy statement, the need to

avoid disparate sentences for defendants with similar records, and the need to

provide restitution to any victims. *Id.*

In situations where consideration of the § 3553(a) factors is mandatory, it is

not necessary for the district court to state on the record that it has explicitly

considered each of the § 3553(a) factors or to discuss each of the § 3553(a) factors.

*United States v. Kuhlman*, 711 F.3d 1321, 1326 (11th Cir. 2013).  Instead, an

acknowledgement by the district court that it considered the § 3553(a) factors is

sufficient. *United States v. Turner*, 474 F.3d 1265, 1281 (11th Cir. 2007).  A sentence may be affirmed so long as the record indicates that the district court considered a number of the factors.  *See United States v. Dorman*, 488 F.3d 936, 944 (11th Cir. 2007) (affirming appellant's sentence because even though the district court did not discuss each of the sentencing factors, the record showed that it considered several of them).  Moreover, the weight given to any of the § 3553(a) factors is committed to the sound discretion of the district court.  *United States v. Croteau*, 819 F.3d 1293, 1309 (11th Cir. 2016).

The district court did not abuse its discretion in deciding the § 3553(a) factors did not warrant release, specifically the seriousness of Robson's offense and his own history and characteristics, namely the fact Robson's medical conditions remained mostly unchanged since he presented them at the original sentencing and that Robson had only served 26% of his sentence.  It specifically highlighted that Robson's offense conduct involved the possession of graphic child pornography and Robson engaging in sexual conduct with his own eight-year-old granddaughter while photographing the conduct.  The district court noted that it had already considered Robson's medical conditions and the medical report in its original sentencing.  The district court acknowledged the § 3553(a) factors and considered them, and the court was permitted to weigh the aforementioned specific factors heavily.  *See Turner*, 474 F.3d at 1281; *Croteau*, 819 F.3d at 1309.  Further,

given that the district court had weighed Robson's age and medical conditions in its previous sentencing determination, it was permitted to decide that the circumstances had not sufficiently changed to warrant a different application of the § 3553(a) factors.  Thus, the district court did not abuse its discretion by denying Robson's motion for a reduced sentence based on its consideration of the § 3553(a) factors.

**AFFIRMED.**