[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-14059
Non-Argument Calendar

_____

D.C. Docket No. 0:17-cr-60106-DMM-3

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MONTE JANWATANAGOOL,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(June 9, 2021)

Before WILSON, MARTIN, and BRANCH, Circuit Judges.

PER CURIAM:

Monte Janwatanagool, a federal prisoner proceeding pro se, appeals the district court's denial of his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). Janwatanagool argues that the district court abused its discretion when it denied his compassionate-release motion because it did not make an independent assessment of the 18 U.S.C. § 3553(a) factors.

We review a district court's denial of a prisoner's § 3582(c)(1)(A) motion for abuse of discretion. *United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021). "A district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making the determination, or makes findings of fact that are clearly erroneous." *Id.*

A district court has no inherent authority to modify a defendant's sentence and may do so "only when authorized by a statute or rule." *United States v. Puentes*, 803 F.3d 597, 605–06 (11th Cir. 2015). A district court may grant a prisoner's motion for compassionate release, "after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The policy statements applicable to § 3582(c)(1)(A) are found in U.S.S.G. § 1B1.13, and district courts may not reduce a sentence under § 3582(c)(1)(A) unless a reduction would be consistent with

§ 1B1.13. *See* U.S.S.G. § 1B1.13; *United States v. Bryant*, 996 F.3d 1243, 1262 (11th Cir. 2021).

We recently held that, in addition to determining whether a movant has offered extraordinary and compelling reasons and whether a reduction or release would be consistent with the policy statement in § 1B1.13, a district court must also consider "all applicable" 18 U.S.C. § 3553(a) factors when it grants or denies a motion for compassionate release. *United States v. Cook*, No. 20-13293, slip op. at 5–6 (11th Cir. May 27, 2021). A district court is not required to articulate its findings and reasonings in great detail, but, when we consider a § 3582(c)(1)(A)(i) motion, we "cannot engage in meaningful appellate review and must vacate and remand" if the record does not reflect that the district court considered the applicable factors. *Id.* at 9.

Because the district court's order did not reflect that it considered any of the applicable § 3553(a) factors in denying Janwatanagool's motion for compassionate release, the record was not adequate to allow for meaningful appellate review. Accordingly, we vacate the order denying the motion and remand this matter for further proceedings consistent with this opinion.

**VACATED AND REMANDED.**