[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-13245
Non-Argument Calendar

_____

D.C. Docket No. 1:15-cr-00038-JRH-BKE-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

TYRONE BOBO JOHNSON,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(July 26, 2021)

Before ROSENBAUM, LAGOA, and BRASHER, Circuit Judges.

PER CURIAM:

Defendant Tyrone Johnson, a federal prisoner acting *pro se*, appeals the district court's denial of his 18 U.S.C. § 3582(c)(1)(A) motion for compassionate release and a related order denying reconsideration. The district court denied Johnson's motion for compassionate release on two grounds: first, it determined Johnson had not exhausted his administrative remedies; second, even if Johnson had satisfied the exhaustion requirement, the district court found that his medical conditions—hypertension and prediabetes—were not "extraordinary and compelling reasons" warranting compassionate release. Johnson challenges both rulings on appeal. We conclude that the district court did not abuse its discretion in denying Johnson's motion and therefore affirm.

## I.

Under 18 U.S.C. § 3582(c), a court "may" modify a defendant's term of imprisonment under certain circumstances. This language renders the district court's decision discretionary, so we review it for abuse of discretion. *United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021). As a result, the district court enjoys wider latitude and "we cannot reverse just because we might have come to a different conclusion had it been our call to make." *Id.* at 912 (quotation marks omitted). "A district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making the determination, or makes findings of fact that are clearly erroneous." *Id.* (quotation marks omitted). Additionally, we liberally

construe the filings of *pro se* parties like Johnson. *Jones v. Fla. Parole Comm'n*, 787 F.3d 1105, 1007 (11th Cir. 2015).

## II.

We divide our discussion in two parts. First, we discuss the exhaustion requirement under 18 U.S.C. § 3582(c)(1)(A) and explain why it does not affect the outcome of this case. Second, we conclude that Johnson's medical conditions do not qualify him for compassionate release under the First Step Act.

### A. The exhaustion requirement is a non-jurisdictional claim-processing rule; whether it is mandatory or not, the district court did not abuse its discretion in denying Johnson's motion for failure to exhaust.

A district court has no inherent authority to modify a term of imprisonment; it may do so "only when authorized by a statute or rule." *United States v. Puentes*, 803 F.3d 597, 605-06 (11th Cir. 2015). Prior to the First Step Act, § 3582(c)(1)(A) allowed a district court to reduce a prisoner's term of imprisonment only upon motion of the Director of the Bureau of Prisons ("BOP") if it found that "extraordinary and compelling reasons" warranted such a reduction. 18 U.S.C. § 3582(c)(1)(A). In 2018, the First Step Act amended § 3582(c)(1)(A) to allow a court to reduce a defendant's term of imprisonment upon motion of the Director of BOP *or* upon motion of the defendant "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request

by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

We recently held that the exhaustion requirement for a prisoner filing a motion under § 3582(c)(1)(A) is a non-jurisdictional claim-processing rule that may be forfeited by the government. *Harris*, 989 F. 3d at 911. We did not determine whether that rule is mandatory. *Id.* Claim-processing rules may be mandatory in the sense that a court must enforce the rule if a party properly raises the issue. *Id.*

Here, the district court likely did not err in denying Johnson's § 3852 (c)(1)(A) motion on the ground that he did not exhaust his administrative remedies. As the district court pointed out, Johnson filed his motion for compassionate release on May 18, 2020, while his request to the warden was dated June 30, 2020. Because Johnson filed his motion with the court before submitting it first to the warden, Johnson did not satisfy the exhaustion requirement. Johnson concedes as much on appeal, arguing that the district court should have waived the requirement on grounds of futility, inadequate relief, or undue prejudice. But even assuming for purposes of this appeal that the exhaustion requirement is not mandatory and Johnson raised an appropriate basis or bases for the district court to set aside the requirement over the government's objection, the district court had the discretion to deny Johnson's motion on other grounds, which we discuss next. *See id.*

4

***B. The district court did not abuse its discretion in deciding that Johnson's medical conditions do not qualify him for compassionate release under § 3852 (c)(1)(A).***

Under § 3582 (c)(1)(A), a court may reduce a prisoner's sentence if it finds that "extraordinary and compelling reasons" warrant a reduction and that such a reduction "is consistent with applicable policy statements issued by the Sentencing Commission."  The applicable policy statement—section 1B1.13 of the Sentencing Guidelines—gives three examples of extraordinary and compelling reasons involving medical conditions:  (1) a terminal illness; (2) a permanent physical or medical condition; and (3) deteriorating physical or mental health because of the aging process that "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and for which conventional treatment promises no substantial improvement." U.S.S.G § 1B1.13, comment (n.1); *United States v. Bryant*, 996 F.3d 1243 (11th Cir. 2021) (holding "that 1B1.13 is an applicable, binding policy statement for all Section 3582(c)(1)(A) motions").  Additionally, the commentary contains a catch-all provision for other reasons that may qualify a prisoner for a sentence reduction if, as determined by the Director of BOP, "there exists in the defendant's case and extraordinary and compelling reason other than, or in combination with," the other examples listed. U.S.S.G. § 1B1.13, comment (n.1.(D)).

In *Harris*, the defendant filed a § 3582 (c)(1)(A) motion, arguing that her medical conditions of lupus, scleroderma, hypertension, glaucoma, and past cases of bronchitis and sinus infections increased her risk of contracting COVID-19. 989 F.3d 908, 910. Of the conditions that Harris argued to the district court, the CDC listed only hypertension as an at-risk condition. *Id.* at 912. But even so, hypertension appeared as a medical condition that means an adult *might* be at an increased risk—compared to conditions the CDC distinguished as ones that necessarily put an adult at an increased risk. *Id*. Accordingly, we concluded that the district court had not abused its discretion in denying Harris's motion for compassionate release. *Id.* (citing *United States v. Elias*, 984 F.3d 515, 521 (6th Cir. 2021) (affirming the district court's denial of a prisoner's motion for compassionate release for a prisoner who argued that her hypertension put her at an increased risk of death from COVID-19.)

Here, like the movant in *Harris*, Johnson did not demonstrate that his prediabetes and hypertension created exigent circumstances during the COVID-19 pandemic that would put his health at serious risk and warrant compassionate release. *See* 989 F.3d at 912. Johnson's hypertension was on the list of conditions that *might* put an adult at an increased risk, but that does not necessarily amount to an extraordinary and compelling reason warranting compassionate release. *See id*. ("hypertension appears on the CDC's list of conditions, and it appears only as one

6

that means an adult 'might be at an increased risk'"). Indeed, although Johnson unfortunately contracted the virus, he fortunately was asymptomatic and had recovered by the time the district court denied his motion for compassionate release.

## III.

For these reasons, we hold that the district court did not abuse its discretion in denying Johnson relief based on his presented medical conditions. Nor did it abuse its discretion when it denied the related motion for reconsideration that presented no new arguments or medical conditions that would further his case.

**AFFIRMED.**