[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-14823
Non-Argument Calendar

_____

D.C. Docket No. 2:94-cr-00007-RWS-JCF-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TERRY J. COLLEY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(August 18, 2021)

Before JORDAN, NEWSOM, and GRANT, Circuit Judges.

PER CURIAM:

Terry Colley appeals the district court's denial of his motion for compassionate release, filed pursuant to 18 U.S.C. § 3852(c)(1)(A), as modified by § 603(b) of the First Step Act of 2018, Pub. L. 115-391, 132 Stat. 5194.  He asserts that the district court abused its discretion (1) by improperly concluding that it did not have the authority to consider a statutory change that eliminated mandatory stacking of offenses, (2) by considering his arguments in support of compassionate release on a piecemeal basis rather than collectively and by failing to consider other factors under the U.S.S.G. § 1B1.13's "catchall" provision, and (3) by misstating the facility where he was imprisoned.  After careful review, we affirm.[1]

It is well established that a district court has no inherent authority to modify a defendant's sentence and may do so "only when authorized by a statute or rule." *United States v. Puentes*, 803 F.3d 597, 605–06 (11th Cir. 2015).  Prior to the First Step Act, 18 U.S.C. § 3582(c)(1)(A) allowed the district court to reduce a prisoner's term of imprisonment upon motion of the Director of the Bureau of Prisons (BOP), after considering the factors set forth in 18 U.S.C. § 3553(a), if it found that extraordinary and compelling reasons warranted such a reduction.  The First Step Act amended 18 U.S.C. § 3582(c)(1)(A) to allow the court to reduce a

---

[1] We review a district court's denial of a prisoner's § 3582(c)(1)(A) motion for an abuse of discretion.  *United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021).  The district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making the determination, or makes clearly erroneous factual findings.  *United States v. Barrington*, 648 F.3d 1178, 1194 (11th Cir. 2011).

defendant's term of imprisonment also upon motion of the defendant, after the defendant had fully exhausted all administrative rights to appeal a failure of the BOP to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier.  *See* First Step Act § 603; 18 U.S.C. § 3582(c)(1)(A).  The court must find that extraordinary and compelling reasons warrant such a reduction, consider the § 3553(a) factors "to the extent that they are applicable," and find that a reduction is consistent with applicable policy statements issued by the Sentencing Commission.[2]  *Id.*  The exhaustion requirement of 18 U.S.C. § 3582(c)(1)(A) is not jurisdictional.  *Harris*, 989 F.3d at 911.

The policy statements applicable to § 3582(c)(1)(A) are found in U.S.S.G. § 1B1.13, which, notably, has not been amended since the First Step Act was passed and refers only to a sentence reduction upon a motion from the BOP Director.  *See* U.S.S.G. § 1B1.13.  The commentary to § 1B1.13 states that extraordinary and compelling reasons exist under any of the circumstances listed, provided that the court determines that the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g).  *See*

---

[2] An appellant's failure to plainly and prominently raise an issue on appeal by not "devot[ing] a discrete, substantial portion of his argumentation to that issue" abandons the issue.  *United States v. Jernigan*, 341 F.3d 1273, 1283 n.8 (11th Cir. 2003).  Accordingly, Colley has abandoned any argument that the district court abused its discretion by not addressing the 18 U.S.C. § 3553(a) factors because he does not make that argument at any point in his counseled brief.  *See id*.

*id.* § 1B1.13 & comment. (n.1). The commentary lists a defendant's medical condition, his age, and family circumstances as possible "extraordinary and compelling reasons" warranting a sentence reduction. *Id.* § 1B1.13, comment. (n.1).

A defendant's medical condition may warrant a sentence reduction if he (1) has a terminal disease or (2) is suffering from a physical or mental condition that diminishes his ability to provide self-care in prison and from which he is not expected to recover. *Id.*, comment. (n.1(A)). Deteriorating mental or physical health resulting from the aging process also may constitute an extraordinary or compelling reason for granting a sentence reduction. *Id.* A prisoner's age may be an extraordinary or compelling reason if the prisoner (1) is at least 65 years old, (2) is experiencing a serious deterioration in physical or mental health because of the aging process, and (3) has served at least 10 years or 75 percent of his term, whichever is less. *Id.*, comment. (n.1(B)).

A prisoner's rehabilitation is not, by itself, an extraordinary and compelling reason warranting a sentence reduction. *Id.*, comment. (n.3). The commentary also contains a catch-all provision for "other reasons," which provides that a prisoner may be eligible for a sentence reduction if, "[a]s determined by the Director of the Bureau of Prisons, there exists in the defendant's case an

4

extraordinary and compelling reason other than, or in combination with," the other specific examples listed.  *Id.*, comment. (n.1(D)).

We recently concluded that the policy statement in § 1B1.13 is applicable to all motions filed under § 3582(c)(1)(A), including those filed by prisoners, and thus, that "district courts may not reduce a sentence under Section 3582(c)(1)(A) unless a reduction would be consistent with [§] 1B1.13." *United States v. Bryant*, 996 F.3d 1243, 1262 (11th Cir. 2021).  We also held that district courts do not have the discretion under the catch-all provision to develop other reasons outside of those listed in § 1B1.13 that might justify a reduction in a defendant's sentence. *Id.* at 1263–65.

The district court here did not abuse its discretion by determining that Colley had failed to demonstrate an extraordinary and compelling reason for granting compassionate release.  First, Colley is incorrect that it should have considered the changes to the stacking provision of 18 U.S.C. § 924(c) because statutory changes are not listed as an extraordinary and compelling reason under U.S.S.G. § 1B1.13. *See Bryant*, 996 F.3d at 1248, 1262.

Next, Colley is incorrect that the district court improperly considered his arguments separately because the "catchall" provision of § 1B1.13 allows only the BOP director to determine what "other reasons" would warrant release, not the district court.  *See Bryant*, 996 F.3d at 1263–64.  Here, the district court evaluated

5

his medical-condition argument separate from his arguments about his rehabilitation and the statutory changes to § 924(c).  It correctly did not attempt to determine that his medical condition combined with his other arguments constituted an extraordinary and compelling reason under the catchall provision of U.S.S.G. § 1B1.13.  The district court was also correct that Colley's medical conditions—obesity and hypertension—did not constitute an extraordinary and compelling reason because it did not meet the criteria in § 1B1.13.  U.S.S.G. § 1B1.13, comment. (n.1(A)).

Lastly, although the district court appears to have overlooked that Colley changed facilities after filing his motion for compassionate release, any error was harmless, as the district court based its decision on the extent to which his medical conditions increased his risk of severe illness if he caught COVID-19, rather than his risk of catching COVID-19 based on where he was incarcerated.

Therefore, the district court did not abuse its discretion and we affirm.

**AFFIRMED.**