[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 21-12204
Non-Argument Calendar

_____

D.C. Docket No. 1:95-cr-00605-PAS-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE MANUEL SALDANA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(September 3, 2021)

Before JILL PRYOR, BRANCH, and BRASHER, Circuit Judges.

PER CURIAM:

Jose Saldana, a counseled federal prisoner, appeals following the district court's denial of his amended motion for compassionate release under Section 603 of the First Step Act, codified at 18 U.S.C. § 3582(c)(1)(A). Saldana and the

government have filed a joint motion for summary reversal, asserting that the district court abused its discretion because it denied Saldana's amended motion based on a clearly erroneous factual finding.

Summary disposition is appropriate, in part, where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

We review a district court's denial of a prisoner's Section 3582(c)(1)(A) motion for an abuse of discretion. *United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021). As relevant here, a district court abuses its discretion if it "makes findings of fact that are clearly erroneous." *Id.*

District courts lack the inherent authority to modify a defendant's sentence and "may do so only when authorized by a statute or rule." *United States v. Puentes*, 803 F.3d 597, 606 (11th Cir. 2015). For example, a district court may reduce a sentence for extraordinary and compelling reasons pursuant to Section 3582(c)(1)(A). 18 U.S.C. § 3582(c)(1)(A)(i). In the context of compassionate release, the statute requires exhaustion of remedies and otherwise provides that:

> [T]he court, upon motion of the Director of the [BOP], or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of

such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in [18 U.S.C.] section 3553(a) to the extent that they are applicable, if it finds that—extraordinary and compelling reasons warrant such a reduction[.]

*Id.* Additionally, the district court must find that a reduction is consistent with the applicable policy statements issued by the Sentencing Commission. *Id.* § 3582(c)(1)(A).

The policy statements applicable to Section 3582(c)(1)(A) are found in Section 1B1.13. U.S.S.G. § 1B1.13. The commentary to Section 1B1.13 states that extraordinary and compelling reasons exist under any of the circumstances listed, provided that the court determines that the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g), and that the reduction is consistent with the policy statement. *See id.* § 1B1.13 & cmt. n.1. For example, a defendant's medical condition may warrant a sentence reduction if he is suffering from a serious physical or medical condition that substantially diminishes his ability to provide self-care in prison and from which he is not expected to recover. *Id.* § 1B1.13 cmt. n.1(A)(ii)(I).

Here, as the parties agree, the district court made a finding of fact that was clearly erroneous. Specifically, the district court found that Saldana had indicated that he "ha[d] already contracted and recovered from" COVID-19, even though there was no evidence in his motion, or the remaining record, that he ever had the virus.

3

In fact, Saldana repeatedly argued that he was at a higher risk of severe illness or death "*should* he contract COVID-19." Rather, it appears that the district court may have confused his medical history with his brother and codefendant Francisco's history, who did inform it that he had tested positive for COVID-19. In any event, it is undisputed that Saldana never contracted the virus. Thus, the district court abused its discretion in denying his amended motion for compassionate release for this reason. *See Harris*, 989 F.3d at 911.

Accordingly, because the parties' position is correct as a matter of law, we GRANT the joint motion for summary reversal and REMAND for the district court to consider whether to grant or deny the motion for compassionate release. *See Groendyke Transp., Inc.*, 406 F.2d at 1162. To be clear, we take no position on whether the court should grant or deny the motion for compassionate release on remand.