[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-14432
Non-Argument Calendar

_____

D.C. Docket No. 1:91-cr-00655-WPD-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHARLES CLARK,
a.k.a. Bunky Brown,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(September 21, 2021)

Before JORDAN, LAGOA, and BRASHER, Circuit Judges.

PER CURIAM:

Charles Clark, a 70-year-old federal prisoner proceeding *pro se*, appeals the district court's denial of his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A), as amended by Section 603(b) of the First Step Act of 2018. For the reasons discussed below, we affirm.

In 1992, a federal grand jury issued a superseding indictment charging Mr. Clark with conspiring to possess cocaine with the intent to distribute, in violation of 21 U.S.C. § 846 (Count 1); and possessing five or more kilograms of cocaine with the intent to distribute, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (Count 2). A jury convicted Mr. Clark on both counts.

Based on his total offense level of 43 and criminal history category of III, his then-mandatory Sentencing Guidelines range was life imprisonment. The statutory term of imprisonment was also life under 21 U.S.C. § 851, pursuant to the government's notice of seeking an enhanced penalty. Mr. Clark objected to the base offense level at sentencing, arguing that the amount of cocaine was calculated incorrectly. The district court overruled his objections and sentenced him to life imprisonment. Mr. Clark appealed, and we affirmed his convictions and sentences. *See United States v. Clark*, 84 F.3d 436 (11th Cir. 1996) (table).

Mr. Clark filed the instant *pro se* motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), requesting that the district court reduce his prison sentence based on his individual circumstances and the COVID-19 pandemic. He

argued that, in light of the COVID-19 pandemic, his underlying medical conditions constituted an extraordinary and compelling circumstance justifying his release from incarceration and the imposition of home confinement. He asserted that he suffered from a history of prostate cancer, hypertension, glaucoma, shortness of breath, and congestive heart failure.

The government responded that the district court should deny without prejudice Mr. Clark's motion for failure to exhaust administrative remedies. It argued that, though Mr. Clark had been denied compassionate release by his warden, his administrative request was based on his age and existing medical conditions, and not on the risks associated with COVID-19 (one of the bases for the current motion).

On the merits, the government conceded that Mr. Clark's medical conditions—specifically, prostate cancer, cardiomyopathy, and type 2 diabetes— could constitute extraordinary and compelling reasons for a sentence reduction in light of COVID-19. But it argued that denial of the motion was appropriate because Mr. Clark had failed to demonstrate that he was not a danger to the safety of the others or the community or that the 18 U.S.C. § 3553(a) factors justified compassionate release. The government noted that the district court at sentencing had specifically considered the danger that Mr. Clark posed to the community and argued that there was no basis for the court to find that he was no longer a danger. The government further argued that Mr. Clark had not provided a proposed release

3

plan that would permit the court to assess his risk of contracting COVID-19 if released, which it averred was also a sufficient ground to deny the motion.

The district court denied Mr. Clark's motion for compassionate release. Although the court noted the government's concession Mr. Clark's medical conditions rose to the level of extraordinary and compelling circumstances, it determined that relief would not promote respect for the law or act as a deterrent and found that Mr. Clark "was properly described as a danger to the community when sentenced." Mr. Clark filed a timely motion for reconsideration, which the district court also denied.[1]

On appeal, Mr. Clark argues that the district court erred by improperly considering the § 3553(a) factors because his medical conditions constitute compelling and extraordinary reasons exist for his release due to COVID-19. Mr. Clark also contends that the court erred in finding he was a danger to the community by relying solely on the determination at sentencing that he was the leader of a criminal organization with five or more members.

---

[1] In his motion for reconsideration, Mr. Clark raised a new equal protection argument for the first time. Because the newly-raised equal protection claim was not properly before the district court in a motion brought pursuant to § 3582(c)(1)(A)(i) or in a motion for reconsideration—which cannot be used to raise new arguments—we decline to address it here. *See, e.g.*, *In re Kellogg*, 197 F.3d 1116, 1119 (11th Cir. 1999) ("The only grounds for granting [a Rule 59(e)] motion are newly-discovered evidence or manifest errors of law or fact."); *Michael Linet, Inc. v. Village of Wellington*, 408 F.3d 757, 763 (11th Cir. 2005) (holding that parties "cannot use a Rule 59(e) motion to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment").

We review for abuse of discretion a district court's denial of a prisoner's § 3582(c)(1)(A) motion. *See United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021). A district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making the determination, or makes clearly erroneous factual findings. *Id.* at 911–12.

It is well established that a district court has no inherent authority to modify a defendant's sentence and may do so "only when authorized by a statute or rule." *United States v. Puentes*, 803 F.3d 597, 605–06 (11th Cir. 2015). But under Section 603(b) of the First Step Act a court may reduce a defendant's sentence if, after considering the § 3553(a) factors to the extent they are applicable, it finds that extraordinary and compelling reasons warrant such a reduction and that a reduction is consistent with applicable policy statements issued by the Sentencing Commission. *See* 18 U.S.C. § 3582(c)(1)(A). The applicable policy statement is found in U.S.S.G. § 1B1.13, and we have held that a sentence reduction for compassionate release must be consistent with that statement. *See United States v. Bryant*, 996 F.3d 1243, 1251-62 (11th Cir. 2021).

The commentary to § 1B1.13 states that extraordinary and compelling reasons exist under certain circumstances, provided that the court determines that the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g). *See* § 1B1.13, comment. (n.1). A supported

5

finding of dangerousness, therefore, is sufficient for denial of a compassionate release motion.

Here, the district court did not abuse its discretion when it denied the motion for compassionate release. First, the court found that Mr. Clark was still a danger to the safety of others or the community, and we see no reversible error in this regard. Second, the court applied the correct legal standard and made it clear in its written order that it had considered the § 3553(a) factors.

We affirm the denial of Mr. Clark's motion for compassionate release. [2]

**AFFIRMED**.

---

[2] Because we conclude that the district court did not abuse its discretion in denying Mr. Clark's motion on the merits, we need not address the government's exhaustion argument. *See Harris*, 989 F.3d at 911 (holding that § 3582(c)(1)(A)'s "exhaustion requirement is not jurisdictional").