[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No.  20-14274
Non-Argument Calendar

_____

D.C. Docket No. 8:16-cr-00509-VMC-SPF-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SHEENA V. BERRY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(April 29, 2021)

Before JORDAN, NEWSOM, and ANDERSON, Circuit Judges.

PER CURIAM:

Sheena Berry appeals the district court's denial of her second amended motion for compassionate release under the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (Dec. 21, 208), and 18 U.S.C. § 3582(c)(1)(A).  We affirm.[1]

In her motion, Ms. Berry relied on the continued spread of the COVID-19 virus in the Bureau of Prisons (and her facility) and her increased risk of severe illness due to her obesity and hyperlipidemia (a form of cardiovascular disease).  She also asserted that she had been a model prisoner who had committed a non-violent offense.   The district court concluded that Ms. Berry did not demonstrate extraordinary and compelling circumstances, and that the existence of COVID-19 in society – and the possibility of spread within a prison – did not justify compassionate release.  It later denied Ms. Berry's motion for reconsideration.

Ms. Berry concedes that she is not entitled to release, but argues that the district court committed a number of errors in denying her motion.  We review a district court's ruling on a compassionate release motion for abuse of discretion, *see United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021), and find no abuse here. First, we do not believe that the district court treated the limitation in U.S.S.G. § 1B1.13 cmt. (n.1) as controlling.  Second, there is no indication that the district court misunderstood Ms. Berry's argument for compassionate release.  Third, although

---

[1] We have expedited the appeal due to Ms. Berry's scheduled release date in September of 2021, and set out only what is necessary to explain our decision.

Ms. Berry contends that the district court failed to analyze the fourth catch-all category of § 1B1.13 cmt. (n.1), the court explained in its reconsideration order that it would deny relief even if it considered "a potential catch-all provision." Fourth, we have not yet held that a district must consider the 18 U.S.C. § 3553(a) factors in ruling on a First Step Act motion for compassionate release. Given the lack of binding precedent, we cannot say that the district court's failure to discuss and consider those factors constitutes an abuse of discretion.[2]

**AFFIRMED**.

---

[2] As to other issues raised by Ms. Berry, we affirm without discussion.