[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-13488
Non-Argument Calendar

_____

D.C. Docket No. 6:98-cr-00272-GKS-GJK-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

QUINCY CORNELIUS MORMAN,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(May 7, 2021)

Before WILLIAM PRYOR, Chief Judge, LAGOA and BRASHER, Circuit Judges.

PER CURIAM:

Quincy Morman appeals *pro se* the denial of his motion for compassionate release. 18 U.S.C. § 3582(c)(1)(A). We affirm.

In 2020, Morman, while completing his 360-month sentence for conspiring to commit and for committing an armed bank robbery and for two firearm offenses, filed a motion for compassionate release. Morman sought relief on three grounds: the elimination of stacking sentences for armed career criminals, 18 U.S.C. § 924(c), in the First Step Act; the possibility that he could develop serious complications from COVID-19 because he had human immunodeficiency virus; and his rehabilitation in prison and his age eliminated any danger he might pose to the public in the future.

The district court denied Morman's motion. The district court ruled that the amendment to section 924(c) did not apply retroactively to Morman and that he had failed to exhaust the issue of COVID-19. The district court also ruled that, "[e]ven if [it] . . . reached the substantive merits of Morman's request . . . [it was] inclined to deny" relief because "the facts . . . [underlying] Morman's conviction . . . [were] extremely violent," he "likely pose[d] a danger to public safety if released," and "the section 3553(a) factors" weighed against release.

We review the denial of a motion for compassionate release for abuse of discretion. *United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021). That deferential standard of review gives the "the district court a range of choice and . . .

2

we cannot reverse just because we might have come to a different conclusion had it been our call to make." *Id.* at 912 (quoting *Sloss Indus. Corp. v. Eurisol*, 488 F.3d 922, 934 (11th Cir. 2007)). We will not reverse unless "we have a definite and firm conviction that the district court committed a clear error of judgment in the conclusion it reached." *United States v. Taylor*, 338 F.3d 1280, 1283 (11th Cir. 2003) (internal quotation marks omitted and alteration adopted).

Morman argues that he is entitled to release for the three reasons identified in his motion. We need not address Morman's arguments concerning section 924(c) or COVID-19 because we cannot say that the district court abused its discretion in making the alternative determination that the statutory sentencing factors, 18 U.S.C. § 3553, weighed against compassionate release.

A district court may modify a term of imprisonment to allow for "compassionate release." 18 U.S.C. § 3582(c)(1)(A). The district court, "upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant . . . may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction" and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . ." *Id.*

3

Section 3553(a) states that the sentence imposed by the district court must be "sufficient, but not greater than necessary," to achieve the goals of sentencing. *Id.* The sentence selected must reflect the seriousness of the offense, promote respect for the law, provide just punishment, deter future criminal conduct, protect the public, and provide the defendant with any needed training or treatment. *Id.* To determine an appropriate sentence, the district court must also consider the nature and circumstances of the offense, the defendant's history and characteristics, the kinds of sentences available, the Sentencing Guidelines, pertinent policy statements, the need to avoid disparities among similarly-situated defendants, and the need to provide restitution to victims. *Id.*

The district court did not abuse its discretion by denying Morman's motion. Morman's crime spree was "extremely violent." He armed himself and a coconspirator with a semi-automatic handgun and a revolver, which they wielded during the bank robbery. En route to the bank, Morman stole a vehicle from an elementary school and left a getaway car outside a daycare. Inside the bank, Morman jumped the counter and ordered three different tellers at gunpoint to open their money drawers for him to empty. After retrieving the getaway car, Morman led police officers on a high-speed chase at noon through heavy traffic, lost control of the car at an intersection, and fled on foot to an auto parts store, outside which he ordered a man out of his vehicle at gunpoint. Morman sped off in the second car

he had stolen that day, crashed into a van, and discarded his fully-loaded handgun in a public thoroughfare before being captured. The district court reasonably decided to make Morman complete his sentence in the light of the seriousness of his offense, his long history as a violent offender that resulted in a criminal history of V, the need for deterrence, and the likelihood he would commit future similar crimes. *See id.* And the district court took into account Morman's health issue, but gave it little weight because he did "not sufficiently allege and show that his HIV [was] uncontrolled or that he [was] receiving inadequate medical treatment." We are not left with the "definite and firm conviction that the district court committed a clear error of judgment" in deciding not to release Morman. *See Taylor*, 338 F.3d at 1283.

We **AFFIRM** the denial of Morman's motion for compassionate release.