[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-13546
Non-Argument Calendar

_____

D.C. Docket No. 8:13-cr-00108-JSM-AAS-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROBERT A. MCCHRISTIAN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(June 30, 2021)

Before NEWSOM, LAGOA and BRASHER, Circuit Judges.

PER CURIAM:

Robert A. McChristian, proceeding *pro se*, appeals the district court's denial of his compassionate-release motion under 18 U.S.C. § 3582(c)(1)(A). He argues that the district court abused its discretion by finding that he failed to establish that his type II diabetes, the COVID-19 pandemic, or the alleged illegality of his sentence were extraordinary and compelling reasons that warranted his release. After careful review, we affirm.

**I**

In 2013, McChristian pleaded guilty to one count of carrying, using, and brandishing firearms and discharging a firearm that is a destructive device during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii)-(iii). He was sentenced to 360 months' imprisonment and 5 years' supervised release.

In June 2020, McChristian, proceeding *pro se*, filed a motion for compassionate release. He argued that he was at a high-risk of contracting COVID-19 because of his type II diabetes and that this was an extraordinary and compelling reason to reduce his sentence. The district court denied his motion, and he now appeals.[1]

---

[1] We review motions for compassionate release under § 3582(c)(1)(A) for abuse of discretion. *See United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021). A district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making the determination, or makes findings of fact that are clearly erroneous. *United States v. Khan*, 794 F.3d 1288, 1293 (11th Cir. 2015).

## II

On appeal, McChristian argues that he requires daily treatment with insulin and other medications to treat his type II diabetes and that the BOP has taken insufficient measures to prevent the transmission of COVID-19.  He also argues that the district court improperly applied the old version of the compassionate-release statute to deny his motion and that the district court improperly failed to consider the legality of his sentence in denying his motion.

The district court was permitted to reduce Harris's sentence if it found, among other things, that "extraordinary and compelling reasons warrant" it.  18 U.S.C. § 3582(c)(1)(A)(i).[2]  U.S.S.G. § 1B1.13 contains the policy statement for sentence modifications under 18 U.S.C. § 3582(c)(1)(A), requiring a district court to find extraordinary and compelling reasons for a reduction and that the defendant is not a danger to the community.  The commentary to that policy statement lists "extraordinary and compelling reasons" for granting a sentencing reduction, including considerations related to medical conditions.  U.S.S.G. § 1B1.13, comment (n.1).  This Court recently held that, notwithstanding the First Step Act's amendments to § 3582(c)(1)(A), U.S.S.G. § 1B1.13 remains applicable to

---

[2] In the district court, the government argued that McChristian failed to exhaust his administrative remedies, and the district court agreed.  But because this Court recently held that § 3582(c)(1)(A)'s exhaustion requirement is non-jurisdictional and because the government does not raise exhaustion on appeal, we decline to address it.  *See Harris*, 989 F.3d at 911.

§ 3582(c)(1)(A) motions, whether filed by the BOP or the prisoner. *United States v. Bryant*, 996 F.3d 1243, 1247 (11th Cir. 2021).

Here, the district court did not abuse its discretion in denying McChristian's motion for compassionate release. The record shows that the court denied his motion after considering his medical condition and finding that, based on McChristian's own assertions, his diabetes was being treated with daily medication in prison. The court further noted that McChristian had not alleged that his condition substantially diminishes his ability to provide self-care or is one from which he is not expected to recover. *See* U.S.S.G. § 1B1.13, comment. (n.1(A)(ii)). Moreover, the district court correctly found that it was bound by the policy statements in § 1B1.13 when it found that COVID-19 itself was not an extraordinary and compelling reason to warrant a sentence reduction and declined to consider McChristian's argument regarding the illegality of his sentence. *See Bryant*, 996 F.3d at 1252.

Additionally, the district court expressly considered the § 3553(a) factors before denying McChristian's motion, further indicating that it didn't abuse its discretion in denying his motion. *See United States v. Harris*, 989 F.3d 908, 912 (11th Cir. 2021). The district court considered the nature and circumstances of the offense and the length of time remaining on his sentence, and it was within its

discretion to give weight to those § 3553(a) factors.  *See United States v. Croteau*, 819 F.3d 1293, 1309 (11th Cir. 2016).

**AFFIRMED.**