[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-13241
Non-Argument Calendar

_____

D.C. Docket No. 1:13-cr-00199-DHB-BKE-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALLISON JONTIL BARNES,
a.k.a. Jah a.k.a. Shantae Davis,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(July 7, 2021)

Before WILSON, ROSENBAUM, and BRASHER, Circuit Judges.

PER CURIAM:

Allison Barnes, proceeding *pro se*, appeals the district court's denial of her motion for compassionate relief under 18 U.S.C. § 3582(c)(1)(A) as amended by Section 603 of the First Step Act. Pub. L. 115-391, § 603, 132 Stat. 5194, 5239–41 (2018) (amending 18 U.S.C. § 3582). The district court found that, even assuming Barnes's medical condition qualified as extraordinary and compelling under U.S.S.G. § 1B1.13, app. note 1(a)(i), "the factors of 18 U.S.C. § 3553(a) weigh[ed] heavily against her release." Specifically, the court explained that relief "would not be justified in light of the nature and circumstances of her offense" and noted that Barnes had "served just over half of her sentence, [so] early termination of her sentence would fail to reflect the seriousness of the offense, promote respect for the law, provide just punishment, or afford adequate deterrence."

As an alternative ground, the court also found that "given the nature of the offense," it could not "conclude with any amount of certainty that [Barnes] does not pose a danger to the community," as required by U.S.S.G. § 1B1.13(2). On appeal, Barnes argues that her "severe[] obes[ity]" is an extraordinary and compelling medical condition and that the terms of supervised release could ensure that she was not a danger to anyone.

We review a district court's grant or denial of a defendant's Section 3582(c)(1)(A) motion based on the Section 3553(a) factors for abuse of discretion. *United States v. Bryant*, 996 F.3d 1243, 1251 (11th Cir. 2021). When we apply the

2

abuse of discretion standard, we recognize that the district court had a "range of choice." *United States v. Harris*, 989 F.3d 908, 912 (11th Cir. 2021) (citations omitted). A district court abuses its discretion in assessing the Section 3553(a) factors if it fails to consider relevant factors, considers irrelevant factors, or "weighs those factors unreasonably, arriving at a sentence that does not 'achieve the purposes of sentencing as stated in § 3553(a).'" *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc) (citation omitted).

Section 3582(c)(1)(A) allows a district court to reduce a defendant's sentence for "extraordinary and compelling reasons" but only after "considering the factors set forth in section 3553(a)." Those factors include "the nature and circumstances of the offense and the history and characteristics of the defendant"; "the need for the sentence imposed" to "reflect the seriousness of the offense, to promote respect for the law, … to provide just punishment for the offense," to adequately deter, "to protect the public," and to rehabilitate; and the "kinds of sentences available" and the recommended sentencing range. 18 U.S.C. § 3553(a)(1)–(4). The weight given to each factor is within the district court's discretion. *United States v. Kuhlman*, 711 F.3d 1321, 1327 (11th Cir. 2013).

The district court considered the relevant factors, it did not consider any irrelevant factors, and nothing indicates that its weighing of those factors was unreasonable. The district court expressly stated that it had considered all of the

Section 3553(a) factors. *See United States v. Turner*, 474 F.3d 1265, 1281 (11th Cir. 2007) (holding that a district court's acknowledgement that it has considered the Section 3553(a) factors is sufficient). It even specifically identified several of them. For instance, it explained that relief was not justified in light of the "nature and circumstances of [the] offense." It continued that relief would not "reflect the seriousness of the offense, promote respect for the law, provide just punishment, or afford adequate deterrence" because Barnes had served just over half of her sentence. The amount of time served is a valid Section 3553(a) consideration for Section 3582(c)(1)(A) motions "[b]ecause a defendant's sentence reflects the sentencing judge's view of the § 3553(a) factors at the time of sentencing," so "the time remaining in that sentence may … inform whether" relief "would be consistent with those factors." *United States v. Pawlowski*, 967 F.3d 327, 331 (11th Cir. 2020). Accordingly, the district court did not abuse its discretion in denying Barnes's Section 3582(c)(1)(A) motion based on its assessment of the Section 3553(a) factors.

Nor did it abuse its discretion in its alternative reason for denial—that Barnes may be a danger to the community. Barnes was convicted of conspiracy to engage in sex trafficking of a minor. She was the "pimp" for an underage girl, V.B.H. She was paid for "handling" V.B.H., which consisted of setting up "dates" for V.B.H., meeting with the men, and taking a percentage of the money V.B.H. made as a prostitute. Barnes also "participated in the production of the photographs and video

4

of V.B.H." that were used in online ads, rented rooms or drove V.B.H. to residences where V.B.H. provided prostitution services, and gave V.B.H. "ice" (crystal meth), which V.B.H. used "as a coping mechanism for having to perform prostitution services." When Barnes was arrested, she gave the FBI agents an alias, but her fingerprints identified her. The district court reasonably concluded that, "given the nature of the offense," it could not find that Barnes was not a danger to the community.

Accordingly, we **AFFIRM** the district court's denial of Barnes's Section 3582(c)(1)(A) motion.