[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 21-10408

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

ERIC DYNELL MCGADNEY,

Defendant -Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama
D.C. Docket No. 1:12-cr-00245-WS-B-1

_____

Before JILL PRYOR, BRANCH, and LUCK, Circuit Judges.

PER CURIAM:

Eric McGadney, a federal prisoner, appeals the district court's denial of his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). McGadney argues that the district court abused its discretion in denying his motion because it placed too much weight on his criminal history, did not give sufficient weight to his rehabilitation efforts over the past seven years, and considered information not identified in 18 U.S.C. § 3553(a). After review, we affirm.

## I.        Background

In 2013, McGadney pleaded guilty to possession with intent to distribute MDMA and use of a communication facility in facilitating the commission of a felony. McGadney had a lengthy criminal history, dating back to 1996. Three of his prior convictions were for drug-related offenses—a 1996 conviction for possession of drug paraphernalia, a 2002 conviction for possession with intent to deliver cocaine, and a 2008 conviction for trafficking in marijuana. McGadney was designated as a career offender and sentenced to a total of 188 months' imprisonment to be followed by six years of supervised release.

In January 2021, McGadney filed a motion for compassionate release, asserting that he was eligible for compassionate release because he had health issues that placed him at high risk of

severe illness or death due to COVID-19, including an anal fistula, high blood pressure, asthma, low white blood cell count, and lung damage because he is a smoker. He noted that he was an exemplary inmate with no disciplinary record, was assigned to a work camp, and he had completed multiple programs for self-improvement such that compassionate release was warranted. In support of his motion, McGadney submitted medical records, which primarily related to his anal fistula. However, these records also indicated that in November 2020, McGadney tested positive for COVID-19, but was asymptomatic. Additionally, McGadney submitted several certificates of completion for the various programs he had completed in prison.

The government opposed McGadney's motion, arguing that, although McGadney was statutorily eligible for compassionate release due to his health issues, release was not warranted because the BOP had taken significant measures to protect the health of the inmates during the COVID-19 pandemic, including social distancing, the use of masks, hygienic and cleaning protocols, and quarantining and treatment of symptomatic inmates. The government argued that the § 3553(a) factors weighed against McGadney's release because he remained a danger to the community based on his lengthy criminal history.

The district court denied McGadney's motion for compassionate release. The district court found that McGadney was statutorily eligible for compassionate release because of the increased COVID-19 risk that heavy smokers, such as McGadney,

faced. Nevertheless, the district court determined that release was not warranted in light of the § 3553(a) factors. In particular, the district court noted that McGadney was a career offender with several drug-related offenses, and in the underlying offense had attempted to receive and distribute MDMA pills via the mail. The district court further noted that, although McGadney had tested positive for COVID-19, he was asymptomatic, and the prison had taken appropriate steps to isolate him and to monitor his condition. Accordingly, the district court determined that the original sentence "remain[ed] fair, appropriate, and necessary" and that, after consideration of the § 3553(a) factors, no reduction was warranted. This appeal followed.

## II.    Discussion

McGadney argues that the district court erred in its consideration of the § 3553(a) factors by failing to give appropriate weight to his rehabilitative efforts over the past seven years, giving too much weight to his criminal history, and considering the prison's efforts to protect inmates from COVID-19, which he maintains was an inappropriate factor.

We review a district court's denial of a prisoner's § 3582(c)(1)(A) motion for compassionate release for abuse of discretion. *United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021). "A district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making the determination, or makes findings of fact that are clearly erroneous. A district court also abuses its discretion when it commits a

clear error of judgment." *Id.* at 911–12 (quotation and internal citation omitted).

Generally, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). Section 3582(c)(1)(A), however, provides the following limited exception:

> the court, upon motion of the Director of the [BOP], or upon motion of the defendant after the defendant has fully exhausted all administrative rights . . . may reduce the term of imprisonment . . . , after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

*Id.* § 3582(c)(1)(A). In this case, the district court determined that McGadney established extraordinary and compelling reasons due to his health conditions but denied relief after consideration of the § 3553(a) factors.

The § 3553(a) factors include the need for a sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment, deter criminal conduct, protect the public from future criminal conduct, and provide the defendant with any needed training, medical care, or other correctional treatment. 18 U.S.C. § 3553(a)(2). The court must also consider the "nature and circumstances of the offense and the history and characteristics of the defendant." *Id.* § 3553(a)(1). It is not neces-

sary, however, for the district court to state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each of the § 3553(a) factors. *United States v. Kuhlman*, 711 F.3d 1321, 1326 (11th Cir. 2013). Instead, an acknowledgement by the district court that it considered the § 3553(a) factors is sufficient. *United States v. Turner*, 474 F.3d 1265, 1281 (11th Cir. 2007). "The weight given to any specific § 3553(a) factor is committed to the sound discretion of the district court." *United States v. Croteau*, 819 F.3d 1293, 1309 (11th Cir. 2016). "A district court abuses its discretion when it (1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (*en banc*) (quotation omitted).

Here, the district court did not abuse its discretion when it denied McGadney's motion. The district court considered the § 3553(a) factors and found that compassionate release was not warranted given McGadney's lengthy criminal history and prior drug-related convictions. Although McGadney argues that the district court failed to consider his rehabilitative evidence, he submitted this evidence as part of his motion and the district court considered the motion. The district court was not required to specifically discuss each piece of evidence or each § 3553(a) factor. *Kuhlman*, 711 F.3d at 1326. Further, the district court did not err in considering the prison's efforts to protect inmates from

COVID-19 because those efforts were directly related to the reasons for McGadney's compassionate release request and to the § 3553(a) factor that relates to the need to provide McGadney with medical care. *See* 18 U.S.C. § 3553(a)(2)(D). Moreover, although McGadney disagrees with how the § 3553(a) factors were weighed, the district court's decision to place greater weight on McGadney's criminal history when considering the § 3553(a) factors was entirely within its discretion. *Croteau*, 819 F.3d at 1309. Accordingly, after careful consideration, we conclude the district court did not abuse its discretion in denying McGadney's motion for compassionate release.

**AFFIRMED.**