[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 20-14366

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

CHERYL SINGLETON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:15-cr-00443-SCJ-RDC-1

_____

Before JORDAN, BRANCH, and GRANT, Circuit Judges.

PER CURIAM:

Cheryl Singleton is a federal prisoner serving a 150-month sentence for wire fraud. After serving approximately one third of her sentence, Singleton filed a motion to reduce her term of imprisonment to time served under the so-called "compassionate release" statute, 18 U.S.C. § 3582(c)(1)(A). The district court found that Singleton did not meet the statutory criteria for compassionate release and denied her motion. Singleton now appeals.

The government has moved for summary affirmance of the district court's order. Summary disposition is appropriate where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).[1] Because the issues on appeal are easily resolved by straightforward application of the relevant statute, policy statement, and existing precedents, we grant the government's motion and affirm the district court's denial of Singleton's motion for compassionate release.

---

[1] We are bound by decisions of the former Fifth Circuit handed down before October 1, 1981. *See Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

## I.

The compassionate release statute authorizes a district court to reduce a sentence of imprisonment, after considering the relevant sentencing factors in 18 U.S.C. § 3553(a), if it finds (as relevant here) that "extraordinary and compelling reasons" for the defendant's early release exist and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). The applicable Sentencing Commission policy statement is set out in U.S. Sentencing Guidelines § 1B1.13. *United States v. Bryant*, 996 F.3d 1243, 1248 (11th Cir. 2021). The commentary to § 1B1.13 establishes four categories of circumstances in which "extraordinary and compelling reasons" for a sentence reduction exist: (1) qualifying medical conditions, (2) advanced age, (3) family circumstances, and (4) other circumstances determined by the Director of the Bureau of Prisons to be extraordinary and compelling. U.S.S.G. § 1B1.13 cmt. n.1. The policy statement also requires the district court to find that the "defendant is not a danger to the safety of any other person or to the community" before granting a motion for compassionate release. *Id.* § 1B1.13(2).

On appeal, Singleton argues that the district court erred in finding that she was not eligible for compassionate release under § 3582(c)(1)(A)(i).[2] More specifically, she argues that the district

---

[2] The parties also dispute whether the district court found that Singleton had exhausted her administrative remedies as required by § 3582(c)(1)(A). The question is not a jurisdictional one, however, and because we conclude that

court erred in applying § 1B1.13 to determine whether her medical conditions constitute an extraordinary and compelling reason for compassionate release. She also argues, contrary to our recent precedent, that the district court had the authority to grant her motion under the policy statement's catch-all provision based on its consideration of her medical conditions in combination with a number of other factors, including her efforts to rehabilitate herself in prison. She contends that the district court should have determined that she was eligible for compassionate release based on her medical conditions and then proceeded to consider the applicable § 3553(a) sentencing factors. Her arguments are foreclosed by our recent precedents.

## II.

We review a district court's determination about a defendant's eligibility for a sentence reduction under § 3582(c) de novo. *Bryant*, 996 F.3d at 1251. We review a district court's ruling on an eligible defendant's motion for compassionate release for an abuse of discretion. *Id.*

## A.

We first address Singleton's argument that the district court erred by considering whether her medical conditions qualified as "extraordinary and compelling" reasons for her release under the

---

the district court did not err in its alternative finding that Singleton was not eligible for compassionate release, we need not reach it. *See United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021).

criteria set out in § 1B1.13. In *United States v. Bryant*, we considered whether the 2018 amendment to § 3582(c)(1)(A) rendered § 1B1.13 obsolete for motions filed by prisoners pursuant to the statute's new provisions. 996 F.3d 1243, 1252–62 (11th Cir. 2021). We concluded that "1B1.13 is an applicable policy statement that governs all motions under Section 3582(c)(1)(A). Accordingly, district courts may not reduce a sentence under Section 3582(c)(1)(A) unless a reduction would be consistent with 1B1.13." *Id.* at 1262.

We also concluded, contrary to Singleton's argument here, that district courts are not authorized to determine whether circumstances other than those specifically listed in the application notes to § 1B1.13 qualify as "extraordinary and compelling reasons" under the policy statement's "catch-all" provision. *Id.* at 1262–64. The catch-all provision allows for a determination "by the Director of the Bureau of Prisons" that "there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." U.S.S.G. § 1B1.13, cmt. n.1(D). As we explained in *Bryant*, we "cannot replace the phrase '[a]s determined by the Director of the [BOP]' with 'as determined by a district court.'" 996 F.3d at 1263 (alterations in the original).

## B.

We next address Singleton's argument that even if the district court was constrained by § 1B1.13 in considering her motion, her medical conditions qualify as "extraordinary and compelling reasons" for her release as that term is defined in the policy

statement. Under the policy statement, a defendant's medical conditions qualify as extraordinary and compelling reasons for a sentence reduction if she is suffering from (1) a terminal illness, or (2) a serious physical or medical condition, functional or cognitive impairment, or deteriorating health due to aging, which "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." *Id.* cmt. n.1(A).

In the district court, Singleton identified her hypertension and ulcerative colitis as the conditions that warranted her release, arguing that they increased her susceptibility to COVID-19 and her risk of serious illness or death from the virus. On appeal, she focuses on her hypertension, pointing out that Justice Department "internal guidance" directs the government to concede that defendants who have certain specified medical conditions that significantly increase their vulnerability to COVID-19 can establish that extraordinary and compelling reasons for early release exist—though notably, ordinary hypertension is not on the list of medical conditions she cites.[3]

---

[3] For the first time on appeal, Singleton argues that she has additional medical conditions, including borderline obesity and sickle cell trait, which she contends further increase her risk of serious illness or death if she were to contract COVID-19. We decline to consider those arguments because Singleton failed to raise them in the district court. *See Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1331 (11th Cir. 2004).

Singleton argues that her hypertension qualifies as an "extraordinary and compelling" reason within the meaning of the statute because the CDC "has said" that it "places her at increased risk of severe illness or death due to COVID-19." In fact, the CDC website currently states that "heart conditions such as heart failure, coronary artery disease, cardiomyopathies, and *possibly* high blood pressure (hypertension) **can make you more likely** to get severely ill from COVID-19." *People with Certain Medical Conditions*, CDC (updated August 20, 2021), (first emphasis added, second emphasis in the original) https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Oct. 15, 2021). The CDC website also indicates that hypertension is very common among Americans. *See Facts About Hypertension*, CDC, (stating that "[n]early half of adults in the United States" have high blood pressure) https://www.cdc.gov/bloodpressure/facts.htm (last visited Sept. 1, 2021).

In any event, Singleton has not demonstrated that either of her medical conditions "substantially diminishes" her ability "to provide self-care" in prison. The fact that Singleton has a common ailment that could "possibly" make her risk of serious illness "more likely" if she contracts COVID-19 simply is not the kind of debilitating condition that meets the policy-statement definition of an extraordinary and compelling reason for early release from prison. *See United States v. Harris*, 989 F.3d 908, 912 (11th Cir. 2021).

## C.

Last, we turn to Singleton's argument that the district court should have considered the sentencing factors in 18 U.S.C. § 3553(a), which she contends weighed in favor of a reduction in her sentence of imprisonment. According to the plain terms of the statute, a district court may not reduce a prisoner's term of imprisonment under § 3582(c)(1)(A)(i) unless three prerequisites for relief are met: (1) extraordinary and compelling reasons exist justifying a sentence reduction, (2) the defendant's early release would be consistent with § 1B1.13, and (3) the § 3553(a) sentencing factors weigh in favor of release. *United States v. Tinker*, ___ F.4th ___, 2021 WL 4434621 at *2 (11th Cir. Sept. 28, 2021). Because all three conditions are necessary, "the absence of even one would foreclose a sentence reduction." *Id.* This means that "if the district court finds that no extraordinary and compelling reason exists, then it cannot reduce the inmate's sentence—even if the § 3553(a) factors favor doing so." *United States v. Giron*, ___ F.4th ___, 2021 WL 4771621, at *3 (11th Cir. Oct. 13, 2021).

It follows that when "denying a motion for compassionate release, a district court need not analyze the § 3553(a) factors if it finds either that no extraordinary and compelling reason exists or that the defendant is a danger to the public." *Id.* Accordingly, once the district court here determined that Singleton had not demonstrated "extraordinary and compelling reasons" for a sentence reduction, it was not required to analyze whether she met the other

criteria for relief, including whether the § 3553(a) sentencing factors weighed in her favor.

## III.

We conclude that the government's position on appeal is "clearly right as a matter of law so that there can be no substantial question as to the outcome of the case," and we therefore **GRANT** the government's motion for summary disposition and **AFFIRM** the district court's order denying Singleton's motion for compassionate release. *Groendyke Transp., Inc.*, 406 F.2d at 1162. The government's motion to stay the briefing schedule is **DENIED** as moot.

**AFFIRMED.**