[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 20-13948

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

MARIA HAYDEE LUZULA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:14-cr-20221-PAS-1

_____

Before WILLIAM PRYOR, Chief Judge, ROSENBAUM and GRANT, Circuit Judges.

PER CURIAM:

Maria Luzula, a federal prisoner, appeals the denial of her motion for compassionate release. 18 U.S.C. § 3582(c)(1)(A). Luzula argues that the district court erred by basing its decision on the policy statements in Section 1B1.13 of the Sentencing Guidelines and by determining that she failed to identify extraordinary and compelling reasons for early release. We affirm.

Luzula's challenge to the use of the policy statements in section 1B1.13 to determine her eligibility for compassionate release is foreclosed by precedent. In *United States v. Bryant*, 996 F.3d 1243 (11th Cir. 2021), we held that the policy statement in section 1B1.13 governs a motion for compassionate release, whether it is filed by the Bureau of Prisons or by a prisoner, and that a district court cannot "develop 'other reasons' that might justify a reduction in a defendant's sentence." *Id.* at 1247–48. So Luzula had to establish that her situation was "compelling and extraordinary" to obtain a sentence reduction. *Id.* at 1262 ("[D]istrict courts may not reduce a sentence under Section 3582(c)(1)(A) unless a reduction would be consistent with 1B1.13."). Luzula challenges the validity of Section 1B1.13, but we decline to consider arguments that Luzula never presented to the district court, *see Access Now, Inc. v. S.W. Airlines Co.*, 385 F.3d 1324, 1331 (11th Cir. 2004), and raises for the

first time in her reply brief, *see United States v. Castillo*, 899 F.3d 1208, 1215 (11th Cir. 2018).

We cannot say that the district court abused its discretion by denying Luzula's motion for compassionate release. Luzula argued that she risked contracting COVID-19 in prison based on her body mass index of 30, her chronic asthma, and "immune-compromised conditions" caused by her asthma medication. *See* U.S.S.G. § 1B1.13 cmt. n.1(D). The district court found that Luzula's latter two conditions, for which she submitted no medical records and did "not claim" were acute, "*might* [put her] at increased risk" and did not qualify as extraordinary and compelling enough to warrant early release. *See United States v. Harris*, 989 F.3d 908, 912 (11th Cir. 2021). And the district court found that Luzula's body mass index did not warrant compassionate relief because her prison had imposed restrictions, including "operating under 'lockdown' conditions," to stem the spread of the virus. Luzula failed to establish an extraordinary and compelling reason to justify early release.

We **AFFIRM** the denial of Luzula's motion for compassionate release.