[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-10100

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

MELVINA LEWIS,
a.k.a. Ma Dukes,
a.k.a. Ma,
a.k.a. Mel,

Defendant-Appellant.

———————————————

Appeal from the United States District Court
for the Southern District of Georgia
D.C. Docket No. 2:16-cr-00012-LGW-BWC-8

———————————————

Before WILLIAM PRYOR, Chief Judge, JORDAN, and NEWSOM, Circuit Judges.

PER CURIAM:

Melvina Lewis appeals *pro* se the denial of her motion for compassionate release. 18 U.S.C. § 3582(c)(1)(A). The district court ruled that the statutory sentencing factors weighed against granting Lewis a sentence reduction. *See id.* § 3553(a). We affirm.

Lewis moved to reduce her sentence based on the First Step Act of 2018. Pub. L. No. 115-391, 132 Stat. 5194, 5239 (Dec. 21, 2018). She sought a reduction based on her high blood pressure, arthritis in her knees and spine, obesity, severe depression, and the rise in cases of COVID-19 in prisons. Lewis alleged that inmates with similar health issues who committed more violent offenses had been released and that her release would allow her to obtain medical care that the prison could not provide. The government opposed Lewis's motion and argued that she had not established that the plan created to combat COVID-19 or her healthcare had been inadequate and that the statutory sentencing factors weighed against her early release, *see* 18 U.S.C. § 3553.

The district court assumed that Lewis's obesity, "combined with the risk of COVID-19, qualif[ied] as an 'extraordinary and compelling reason'" for relief, but it denied her motion because the sentencing factors "weigh[ed] in favor of [her] serving the sentence imposed." The district court considered Lewis's offense, her criminal history, her bad behavior in prison, and her receipt of a "downward departure . . . at sentencing." On those facts, the district court determined that "to grant Lewis compassionate release at this juncture would not reflect the seriousness of her crime, promote respect for the law, provide just punishment for the offense, nor afford general or specific deterrence for similar offenses."

We review the denial of a motion for compassionate release for abuse of discretion. *United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021). "A district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making the determination, or makes findings of fact that are clearly erroneous." *Id.* (quoting *Cordoba v. DIRECTV, LLC*, 942 F.3d 1259, 1267 (11th Cir. 2019)). "When review is only for abuse of discretion, it means that the district court had a 'range of choice' and that we cannot reverse just because we might have come to a different conclusion had it been our call to make." *Id.* at 912.

The district court did not abuse its discretion by denying Lewis's motion for compassionate release. The district court recounted from Lewis's sentence hearing that she was "involved in a long-term drug trafficking operation, of which [she] was the main distributor of crack cocaine," and was responsible for "810.9 grams

of cocaine." The district court expressed "concern[] about Lewis's prior [criminal] history[, which] include[d] five drug convictions, three of which were felonies and two of which involved distribution," and to her record of being "disciplined by the [prison] three times since her incarceration." The district court also was troubled that Lewis's "previous incarceration for the sale of cocaine did not deter her from committing a similar crime." And the district court decided that Lewis should have to serve more than 48 months in prison after having "already benefitted from" a downward variance of three months from the low end of her recommended sentencing range of 168 to 210 months of imprisonment. Lewis argues that the district court failed to address the need to provide vocational training and medical care, but "nothing . . . requires the district court to state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each of the § 3553(a) factors," *United States v. Kuhlman*, 711 F.3d 1321, 1326 (11th Cir. 2013). The district court reasonably determined that the statutory sentencing factors weighed against Lewis's early release. *See* 18 U.S.C. § 3553(a).

We **AFFIRM** the denial of Lewis's motion for compassionate release.