[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-11197

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

ANTHONY LEWIS,
a.k.a. Ant,
a.k.a. Antman,

Defendant-Appellant.

———————————————

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:15-cr-20529-JAL-9

———————————————

Before WILLIAM PRYOR, Chief Judge, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

Anthony Lewis, a federal prisoner, appeals *pro se* the denial of his motion for compassionate release. 18 U.S.C. § 3582(c)(1)(A)(i). The district court ruled that the statutory sentencing factors weighed against a reduction of Lewis's sentence and, in the alternative, that he would pose a danger to the public if released. We affirm.

Lewis moved for early release based on his risk of severe illness or death from COVID-19 due to his moderate to severe asthma, partial blindness, chronic knee and hand pain, and glaucoma. Lewis alleged that his continued education, exemplary behavioral record, work in prison, and post-release plan established that he was no longer a danger to the community and that the statutory sentencing factors and his rehabilitation weighed in favor of a sentence reduction. The government opposed Lewis's motion.

The district court assumed that Lewis "presented extraordinary and compelling reasons for a sentence reduction," but it found

"that the sentencing factors under 18 U.S.C. § 3553(a) do not support a sentence reduction, and that [Lewis] poses a danger to the safety of others and the community." The district court determined that "the nature and circumstances of [Lewis's drug] offense[, which it classified as] *very* serious," and his "violent criminal history and . . . consistent[] demonstrat[ion of] a lack of respect for the rule of law and law enforcement" did "not support a sentence reduction . . . ." Alternatively, the district court determined that Lewis's "lengthy and violent criminal history involving firearms and attempted murders, . . . [made him] a danger to the safety of other persons and the community for purposes of U.S.S.G. § 1B1.13(2) and 18 U.S.C. §§ 3142(g), 3582(c)(1)(A)(i)."

We review the denial of a motion for compassionate release for abuse of discretion. *United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021). "A district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making the determination, or makes findings of fact that are clearly erroneous." *Id.* (quoting *Cordoba v. DIRECTV, LLC*, 942 F.3d 1259, 1267 (11th Cir. 2019)). "When review is only for abuse of discretion, it means that the district court had a 'range of choice' and that we cannot reverse just because we might have come to a different conclusion had it been our call to make." *Id.* at 912.

The district court did not abuse its discretion by denying Lewis's motion for compassionate release. The district court reasonably determined that requiring Lewis, a career offender, to serve the remainder of his "132-month prison sentence" was

necessary "to reflect the seriousness of [his] offense, to promote respect for the law, . . . to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, and to protect the public from . . . [similar future] crimes . . ., 18 U.S.C. § 3553(a)(2)(A) – (C)." The district court recalled from sentencing that, while he was on probation following his convictions for attempted murder, attempted felony murder of a police officer, resisting an officer with violence, and two counts of being a felon in possession of a firearm, Lewis participated "in a massive, year-long drug trafficking conspiracy involving crack cocaine, powder cocaine, 'Molly,' 'Xanax,' and marijuana" for which he "alone was accountable for selling at least 120 grams of crack cocaine and 120 grams of powder cocaine." The district court also highlighted that the conspiracy "involved [the use of] stash houses, trap houses, several firearms (including pistols, rifles, and a shotgun), and an arsenal of ammunition" and evidenced an escalation in violence from Lewis's early adult convictions for carrying a concealed firearm and possessing marijuana. Lewis argues that insufficient weight was given to his self-improvement in prison, but we cannot say the district court abused its discretion by placing greater weight on Lewis's offense and criminal history. *See United States v. Kuhlman*, 711 F.3d 1321, 1327 (11th Cir. 2013). And that same evidence supported the alternative ruling of the district court that Lewis posed a danger to the public if released.

We **AFFIRM** the denial of Lewis's motion for compassionate release.