[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-10768

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

LAZARO RIVERO,
a.k.a. Carlos Fegueroa
a.k.a. Alberto Garcia,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:13-cr-20555-KMM-1

_____

Before LUCK, LAGOA, and BLACK, Circuit Judges.

PER CURIAM:

Lazaro Rivero appeals the district court's denial of his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). He asserts the district court abused its discretion by denying his motion because he did not exhaust his administrative remedies. After review,[1] we affirm.

A district court has no inherent authority to modify a defendant's sentence and may only do so when it is authorized by a statute or rule. *United States v. Puentes*, 803 F.3d 597, 605-06 (11th Cir. 2015). Under 18 U.S.C. § 3582, a defendant himself may initiate a motion for compassionate release "*after* the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A) (emphasis added). Although the exhaustion requirement of 18 U.S.C. § 3582(c)(1)(A) is a non-jurisdictional claims-processing rule, a defendant must show that he satisfied the requirement if the government raises the issue before the dis-

---

[1] We review *de novo* a district court's determination about a defendant's eligibility for an 18 U.S.C. § 3582(c) sentence reduction. *United States v. Bryant*, 996 F.3d 1243, 1251 (11th Cir. 2021). A district court's decision to deny a defendant's motion for compassionate release is reviewed for an abuse of discretion. *United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021).

trict court.  *United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021) (analyzing merits of application because "the government has not asserted that [the defendant] failed to comply with" the administrative requirements).

The district court did not err by determining that Rivero was ineligible for compassionate release because he did not exhaust his administrative remedies by requesting the Bureau of Prisons to file a motion on his behalf.  *See* 18 U.S.C. § 3582(c)(1)(A).  Because the Government raised this issue below, Rivero was required to demonstrate that he exhausted his administrative remedies, but he did not.  *See Harris*, 989 F.3d at 911. Accordingly, the district court did not abuse its discretion by denying his motion, and we affirm.

**AFFIRMED.**