[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-14295

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

RAUL S. RAMIREZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:09-cr-20295-PAS-1

_____

Before WILLIAM PRYOR, Chief Judge, ROSENBAUM, and JILL PRYOR, Circuit Judges.

PER CURIAM:

Raul Ramirez, a federal prisoner, appeals the denial of his motion for compassionate release. 18 U.S.C. § 3582(c)(1)(A). The district court ruled that Ramirez failed to establish an extraordinary and compelling reason to justify his early release. U.S.S.G. § 1B1.13. We affirm.

We review the denial of a motion for compassionate release only for abuse of discretion. *United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021). "A district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making the determination, or makes findings of fact that are clearly erroneous." *Id.* (citation omitted). "When review is only for abuse of discretion, it means that the district court had a 'range of choice' and that we cannot reverse just because we might have come to a different conclusion had it been our call to make." *Id.* at 912 (internal quotation marks omitted).

A district "court may not modify a term of imprisonment once it has been imposed" except in specified circumstances. 18 U.S.C. § 3582(c); *see United States v. Bryant*, 996 F.3d 1243, 1248-49 (11th Cir. 2021). Section 3582(c), as amended by the First Step Act, gives the district court discretion to "reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to

the extent that they are applicable" if a reduction is warranted for "extraordinary and compelling reasons" and "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

Application note 1(B) of section 1B1.13 provides that a prisoner's age may constitute an extraordinary and compelling reason warranting relief if he is at least 65 years old, is experiencing a serious deterioration in physical or mental health because of the aging process, and has served at least 10 years or 75 percent of his term of imprisonment, whichever is less. U.S.S.G. § 1B1.13 cmt. n.1(B).

The district court did not abuse its discretion in finding that Ramirez failed to establish an extraordinary and compelling reason to justify an early release. Ramirez argued that he was entitled to relief under the age-based provision because he was 66 years old, had served more than 75 percent of his sentence, and has high blood pressure, high cholesterol, asthma, non-insulin dependent diabetes, asymptomatic sickle cell trait, and previously had colon cancer. *See id.* But the district court found that his medical records revealed that he had no recurrence of colon cancer following his 2010 surgery, he reported not needing to take medication for his diabetes since the surgery, and his other conditions appeared to be managed with medication. The district court also recognized that, although he was restricted from physical activities, used a walker and cane, and was designated "care level 2," Ramirez did not require "assistance with self-care such as bathing, walking, [and] toileting," and that his mental condition did not appear to have

deteriorated. So the district court did not clearly err in finding that Ramirez's medical conditions did not reflect a "serious deterioration" beyond what is normal to many individuals as part of the aging process. And because Ramirez's compassionate release motion did not reference his other conditions of osteoarthritis and chronic hip, knee, shoulder, and neck pain, the district court did not err by not addressing those conditions specifically.

Ramirez also argues that the district court failed to provide an adequate basis for its decision. But the district court plainly relied on the policy statement in section 1B1.13 of the Sentencing Guidelines. The district court considered Ramirez's medical conditions and arguments and explained why he failed to establish an extraordinary and compelling reason under "Subdivision (B) of § 1B1.13's Application Notes." Because "district courts may not reduce a sentence under Section 3582(c)(1)(A) unless a reduction would be consistent with 1B1.13," *Bryant*, 996 F.3d at 1262, the district court provided an adequate basis for its decision and did not abuse its discretion when it denied Ramirez's motion.

We **AFFIRM** the denial of Ramirez's motion for compassionate release.