[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-11482

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

RONREGUS ARNOLD JORDAN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:08-cr-00369-MHC-RGV-1

_____

Before JILL PRYOR, BRANCH, and MARCUS, Circuit Judges.

PER CURIAM:

Ronregus Jordan, a federal prisoner serving a 240-month sentence for being a felon in possession of a firearm, appeals the district court's denial of his motion for a reduced sentence under 18 U.S.C. § 3582(c)(1)(A), as amended by § 603(b) of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239 (Dec. 21, 2018) ("First Step Act").  In denying the motion, the district court held that Jordan had not demonstrated extraordinary and compelling reasons to reduce his sentence, as provided for in U.S.S.G. § 1B1.13.  *See United States v. Bryant*, 996 F.3d 1243, 1262 (11th Cir. 2021) (holding that "district courts may not reduce a sentence under [§] 3582(c)(1)(A) unless a reduction would be consistent with [§] 1B1.13").  On appeal, Jordan argues that: (1) the district court erred in holding that he had to satisfy § 1B1.13; and (2) the district court incorrectly found that he failed to introduce evidence regarding whether his obesity in conjunction with his race subjected him to greater risks from COVID-19.  After thorough review, we affirm.

Ordinarily, "[w]e review *de novo* questions of statutory interpretation and whether a district court had the authority to modify a term of imprisonment." *United States v. Jones*, 962 F.3d 1290, 1296 (11th Cir. 2020), *cert. denied*, 209 L. Ed. 2d 758 (2021) (citation omitted).  However, questions of statutory interpretation not presented to the district court are reviewed only for plain error. *United States v. Wilson*, 788 F.3d 1298, 1310 (11th Cir. 2015).

Claims raising, for the first time on appeal, error under *United States v. Booker*, 543 U.S. 220 (2005), are also reviewed for plain error. *United States v. Rodriguez*, 398 F.3d 1291, 1298 (11th Cir. 2005). Under the plain error standard, the defendant bears the burden to establish that there is an error, that is plain, and that affects substantial rights. *United States v. Turner*, 474 F.3d 1265, 1276 (11th Cir. 2007). "If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if [] the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* (quotations omitted). To correct an error under this standard, the error must be plain under controlling precedent or the unequivocally clear words of a statute. *United States v. Schmitz*, 634 F.3d 1247, 1270-71 (11th Cir. 2011).

We review a district court's denial of a prisoner's 18 U.S.C. § 3582(c)(1)(A) motion for abuse of discretion. *United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021). "A district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making the determination, or makes findings of fact that are clearly erroneous." *Id.* (quotations omitted).

First, we are unpersuaded by Jordan's argument that the district court erred in holding that he had to satisfy § 1B1.13 in order to qualify for compassionate release. Under 18 U.S.C. § 3582(c), a district "court may not modify a term of imprisonment once it has been imposed" except under certain circumstances. When Congress enacted the First Step Act in 2018, it amended § 3582(c)(1)(A), in part, to increase the use and transparency of compassionate

release of federal prisoners. *See* First Step Act § 603(b). Before the First Step Act, a district court could grant a sentence reduction under § 3582(c)(1)(A) only upon a motion by the BOP Director. *Id.* Section 3582(c)(1)(A)(i) now says:

> [T]he court, upon motion of the Director of the Bureau of Prisons [("BOP")], or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . if it finds that extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

We've since held that whether the BOP or the prisoner himself moves for compassionate release, § 3582(c)(1)(A) requires any reduction to be consistent with the sentencing commission's applicable policy statements. *Bryant*, 996 F.3d at 1262.

The policy statements applicable to § 3582(c)(1)(A) are found in U.S.S.G. § 1B1.13 and provide that the court may reduce a term of imprisonment "if, after considering the factors set forth

in 18 U.S.C. § 3553(a),[1] to the extent that they are applicable," it finds, in relevant part, that extraordinary and compelling reasons warrant the reduction. U.S.S.G. § 1B1.13; *see also* 18 U.S.C. § 3582(c)(1)(A); *Bryant*, 996 F.3d at 1262. Under the policy statement, the court must also determine that the defendant is not a danger to the safety of another person or the community, as provided in 18 U.S.C. § 3142(g). *See* U.S.S.G. § 1B1.13; *id.* cmt. n.1.

As relevant here, the commentary lists a defendant's medical condition as possible "extraordinary and compelling reasons" warranting a sentence reduction. *Id.* cmt. n.1(A). A defendant's medical condition may warrant a sentence reduction if he (1) has a terminal disease, or (2) is suffering from a serious physical or mental condition that diminishes his ability to provide self-care in prison and from which he is not expected to recover. *Id.* Deteriorating mental or physical health resulting from the aging process also may constitute an extraordinary or compelling reason for granting a sentence reduction. *Id.* A prisoner's rehabilitation is not, by itself,

---

[1] The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for the sentence imposed to afford adequate deterrence; (4) the need to protect the public; (5) the need to provide the defendant with educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) the pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims. 18 U.S.C. § 3553(a).

an extraordinary and compelling reason warranting a sentence reduction. *Id*. cmt. n.3. The commentary also contains a catch-all provision for "other reasons," which provides that a prisoner may be eligible for a sentence reduction if, *"[a]s determined by the Director of the Bureau of Prisons*, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with," the other specific examples listed. *Id*. cmt. n.1(D) (emphasis added). But as we've noted, this policy statement is applicable to all motions filed under § 3582(c)(1)(A), including those filed by prisoners, so "district courts may not reduce a sentence under [§] 3582(c)(1)(A) unless a reduction would be consistent with [§] 1B1.13." *Bryant*, 996 F.3d at 1262. Thus, district courts do not have the discretion under the catch-all category to develop other reasons that might justify a reduction in a defendant's sentence. *Id*. at 1263-65.

Under the prior panel precedent rule, "a prior panel's holding is binding on all subsequent panels unless and until it is overruled or undermined to the point of abrogation by the Supreme Court or [us] sitting *en banc*." *United States v. Dudley*, 5 F.4th 1249, 1265 (11th Cir. 2021) (quotations omitted). If the abrogating case is a Supreme Court case, "we must find that the case is clearly on point and that it actually abrogates or directly conflicts with, as opposed to merely weakens, the holding of the prior panel." *Id*. (quotations omitted, alterations adopted).

Here, the district court did not err by applying § 1B1.13 in denying Jordan's motion. We squarely held in *Bryant* that when a

prisoner like Jordan moves for compassionate release, §
3582(c)(1)(A) requires any reduction to be consistent with the sen-
tencing commission's applicable policy statements, which includes
§ 1B1.13.  996 F.3d at 1262.  In an attempt to avoid *Bryant*, Jordan
argues -- for the first time on appeal -- that all Sentencing Guidelines
are advisory after *Booker*, 543 U.S. 220; that § 1B1.13 provides for
a catch-all category that gives district courts the discretion to grant
relief outside of its definition of extraordinary and compelling rea-
sons; and that § 1B1.13 is not entitled to controlling weight under
*Kisor v. Wilkie*, 139 S. Ct. 2400 (2019).  However, these arguments
likewise have been foreclosed by our decision in *Bryant*, and fail to
establish any error, much less plain error, in the district court's de-
cision.  Further, because *Bryant* has not been overturned en banc,
nor has the Supreme Court issued a clearly on point opinion that
directly conflicts with *Bryant*, we are bound by it under the prior
precedent rule.  *See Dudley*, 5 F.4th at 1265.  Accordingly, we af-
firm as to this issue.

We similarly find no merit to Jordan's claim that the district
court clearly erred in finding that Jordan failed to show that his
race, in combination with his obesity, subjected him to greater risks
from COVID-19.  For starters, the district court expressly acknowl-
edged Jordan's arguments that COVID-19 disproportionately af-
fected Black people generally and that obesity was a risk factor.
Nevertheless, the district court did not abuse its discretion in find-
ing that Jordan had not presented any evidence to the district court
showing that his race and obesity in the aggregate constituted a

distinct factor to be considered.  Nor did the district court abuse its discretion in finding that Jordan's medical conditions warranted release based on a terminal illness or an inability to provide self-care. *See* U.S.S.G. § 1B1.13 cmt. n.1(A).  Indeed, Jordan did not claim that his obesity was a terminal illness, and while he argued that he could not engage in physical activity or eat nutritious meals, he did not allege that he could not otherwise care for himself.  The district court also expressly acknowledged the arguments in Jordan's motion concerning the general risks of COVID-19 to the incarcerated population, and it correctly concluded that these kinds of general risks did not fit within the policy statement.  *See id*.

On this record, the district court did not apply an incorrect legal standard nor make clearly erroneous factual findings when determining that Jordan failed to establish an extraordinary and compelling reason for relief.  *See Harris*, 989 F.3d at 911.  Accordingly, the district court did not abuse its discretion in denying Jordan's motion, and we affirm.[2]

**AFFIRMED**.

---

[2] Thus, we need not address the government's arguments about Jordan's vaccination or prior COVID-19 diagnosis because, regardless, Jordan failed to meet the criteria of § 1B1.13.  *See Bryant*, 996 F.3d at 1262.