[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 20-13708

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

ERIC RAYONN ROWLS,
a.k.a. "E.",
a.k.a. Eric Rannon Rowls,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 4:09-cr-00016-RV-MAF-1

_____

Before WILLIAM PRYOR, Chief Judge, JORDAN, and NEWSOM, Circuit Judges.

PER CURIAM:

This appeal returns to us after the district court determined on remand that Eric Rowls was entitled to an extension of time to appeal the denial of his motion to reconsider the order denying his motion for compassionate release. *See* Fed. R. App. P. 4(b)(4). Rowls argues that the district court erred by denying his motion to reconsider because it failed to allow him to reply to the brief opposing his motion for compassionate release. Rowls also argues, for the first time, that the district court erred by determining that it was constrained by the policy statements in Section 1B1.13 of the Sentencing Guidelines. *See* 18 U.S.C. § 3582(c)(1)(A)(i). We affirm.

We review the denial of a motion to reconsider a judgment for abuse of discretion. *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007). "A district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making the determination, or makes findings of fact that are clearly erroneous." *United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021)

20-13708                Opinion of the Court                3

(quoting *Cordoba v. DIRECTV, LLC*, 942 F.3d 1259, 1267 (11th Cir. 2019)).

The district court did not abuse its discretion. To obtain relief under Federal Rule of Civil Procedure 59(e), a movant must identify "newly-discovered evidence or manifest errors of law or fact." *Arthur*, 500 F.3d at 1343. Rowls failed to identify any new evidence or a manifest error in the decision to deny him relief. Rowls sought to reply to the brief in opposition to his motion for compassionate relief, but the local rules allow a party to file a "reply memorandum in support of a motion" only "in extraordinary circumstances," N.D. Fla. R. 7.1(I). A *pro se* litigant like Rowls is bound by the local rules like any other litigant. *See Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007).

Rowls's argument that the district court was not bound by the policy statement in section 1B1.13 is foreclosed by precedent. In *United States v. Bryant*, 996 F.3d 1243 (11th Cir. 2021), we held that the policy statement in section 1B1.13 governs a motion for compassionate release and that a district court cannot "develop 'other reasons' that might justify a reduction in a defendant's sentence." *Id.* at 1248. Rowls failed to establish that an extraordinary and compelling reason justified his early release as his medical records evidenced that his diabetes, hypertension, and hyperlipidemia were controlled with medication. *See* U.S.S.G. § 1B1.13 cmt. n.1; *Harris*, 989 F.3d at 912.

We **AFFIRM** the denial of Rowls's motion to reconsider the order denying his motion for compassionate release.