[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

————————————————

No. 22-11906

Non-Argument Calendar

————————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

MARK BELIDOR,

Defendant-Appellant.

————————————————

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:07-cr-20096-PCH-1

————————————————

Before WILLIAM PRYOR, Chief Judge, NEWSOM, and GRANT, Circuit Judges.

PER CURIAM:

Mark Belidor, a federal prisoner, appeals the denial of his motion for compassionate release. 18 U.S.C. § 3582(c)(1)(A). The district court ruled that Belidor failed to identify an extraordinary and compelling reason to warrant early release, U.S.S.G. § 1B1.13, and that the statutory sentencing factors, 18 U.S.C. § 3553(a), weighed against granting relief. The United States moves for a summary affirmance and to stay the briefing schedule. Because "the position of [the United States] . . . is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case," *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969), we grant the motion for summary affirmance and deny as moot the motion to stay the briefing schedule.

A jury convicted Belidor of possessing a firearm as a felon. 18 U.S.C. §§ 922(g), 924(e). Belidor's presentence investigation report stated that he was subject to an enhanced sentence as an armed career criminal and recounted his long criminal history, which included convictions for resisting an officer with and without violence, strong-arm robbery, trespassing, and obstruction of justice. For the underlying offense, the report stated that a traffic stop of Belidor's vehicle revealed a dead passenger, Belidor wearing a bulletproof vest, and two handguns, a high-powered rifle, and several loaded magazines. At sentencing, Belidor stated that he

agreed with his classification as an armed career criminal. The district court found that Belidor's offense was "about as violent and dangerous a scene as [it] ha[d] ever heard of" and sentenced him to a guideline range sentence of 226 months of imprisonment. We affirmed Belidor's sentence. *United States v. Belidor*, 279 F. App'x 924 (11th Cir. 2008).

In March 2022, Belidor moved for compassionate release. 18 U.S.C. § 3582(c)(1)(A). Belidor argued that he established extraordinary and compelling reasons for his release due to COVID-19, his health conditions of obesity and hypertension, and his erroneous designation as an armed career criminal. The district court denied Belidor's motion. The district court ruled that Belidor's medical conditions were not extraordinary or compelling because he was receiving treatment for them and had been fully vaccinated against COVID-19. The district court also recounted the "serious and violent" nature of Belidor's offense and ruled that he remained a danger to the community and that the sentencing factors weighed against granting him relief.

Summary affirmance is appropriate because there is no substantial question that Belidor is not entitled to compassionate release. *See Groendyke*, 406 F.2d at 1162. Belidor argues that his comorbidities—obesity and hypertension—increase his chance of medical complications from COVID-19. But Belidor's medical records reflect that he is receiving treatment for those conditions, is fully vaccinated against COVID-19, and has received a booster vaccine. Insofar as Belidor argues that his "invalid" designation as an

armed career criminal constitutes an extraordinary and compelling reason to reduce his sentence, his argument is foreclosed by precedent. In *United States v. Bryant*, 996 F.3d 1243 (11th Cir. 2021), we held that the policy statement in section 1B1.13 governs a motion for compassionate release, whether it is filed by the Bureau of Prisons or by a prisoner, and that a district court cannot "develop 'other reasons' that might justify a reduction in a defendant's sentence." *Id.* at 1247-48. As for Belidor's argument that the district court erred by not addressing his rehabilitation efforts, the district court was not required to afford weight to his rehabilitation, U.S.S.G. § 1B1.13 cmt. n.3, and it did not abuse its discretion by placing greater weight on the seriousness and violent nature of his offense. *See United States v. Harris*, 989 F.3d 908, 912 (11th Cir. 2021).

We **GRANT** the motion for summary affirmance, **AFFIRM** the denial of Belidor's motion for compassionate release, and **DENY AS MOOT** the motion to stay the briefing schedule.