**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

————————————

No. 25-10069

Non-Argument Calendar

————————————

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

KARRON L. SHUMAN,

*Defendant-Appellant.*

————————————

Appeal from the United States District Court
for the Southern District of Georgia
D.C. Docket No. 4:23-cr-00049-LGW-BWC-1

————————————

Before ROSENBAUM, ABUDU, and ANDERSON, Circuit Judges.

PER CURIAM:

Karron Leonard Shuman, a federal prisoner proceeding *pro se*, appeals the district court's denial of his motion for compassionate release, pursuant to 18 U.S.C. § 3582(c)(1)(A). On appeal, he

argues that the court erred in requiring exhaustion of administrative remedies. Second, he argues that an amendment to U.S.S.G. § 5H1.1 and his youthful status during prior convictions used to enhance his current 86-month sentence are extraordinary and compelling reasons to reduce his sentence.

It is well established that a district court has no inherent authority to modify a defendant's sentence and may do so "only when authorized by a statute or rule." *United States v. Puentes*, 803 F.3d 597, 605-06 (11th Cir. 2015). Section 3582(c)(1)(A) of Title 18 of the U.S. Code allows a district court to reduce a prisoner's term of imprisonment upon motion of the Board of Prisons ("BOP") or the defendant, if the court finds that extraordinary and compelling reasons warrant such a reduction. 18 U.S.C. § 3582(c)(1)(A). However, a court may only grant a defendant's motion after he has fully exhausted all administrative rights to appeal a failure of the BOP to bring a motion on the defendant's behalf, or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier. *Id.* We have clarified that § 3582(c)(1)(A)'s exhaustion requirement is a non-jurisdictional, claim-processing rule. *United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021). A prisoner must submit a § 3582(c)(1)(A) request to the warden of his facility, and, if the warden denies the request, the prisoner may administratively appeal to the BOP Regional Director and then the BOP General Counsel. 28 C.F.R. §§ 542.15, 571.61(a), 571.63(a). A decision of either the Director of the BOP or the General Counsel is a final administrative decision. *Id.* § 571.63(b)-(d).

Here, the record evidence shows that Shuman brought his request for sentence reduction, or compassionate release, before the warden on November 18, 2024, and it was denied on December 2, 2024. As the warden's denial explained, Shuman was required to appeal through the Administrative Remedy Program if he was dissatisfied with the denial. 28 C.F.R. §§ 542.15, 571.61(a), 571.63(a). Because the record evidence does not show any appeal, and, in turn, no final administrative decision, the district court correctly found that Shuman's motion for compassionate release under § 3582(c)(1)(A) was unexhausted. 18 U.S.C. § 3582(c)(1)(A); 28 C.F.R. § 571.63(b) (d). The district court may only grant a motion for compassionate release after full exhaustion, and, so, the court was not obligated to consider whether Shuman had presented an extraordinary and compelling reason for a sentence. 18 U.S.C. § 3582(c)(1)(A). Accordingly, this Court affirms the district court's denial of Shuman's § 3582(c)(1)(A) motion.

**AFFIRMED.**